IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-cv-548

| | |
|---|---|
| Tamara Parker, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| Gaston County, North Carolina; | ) |
| William Sampson, individually; | ) |
| Advance Auto Parts, Inc.; and | ) |
| Olivia Pressley, individually, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Tamara Parker (hereinafter "Plaintiff"), by and through the undersigned attorneys, and hereby files this Complaint against Gaston County, North Carolina; William Sampson, individually; Advance Auto Parts, Inc.; and Olivia Pressley, individually.

PARTIES

1.

At all times relevant hereto, Plaintiff Tamara Parker, is a resident of the state of North Carolina and a citizen of the United States of America.

2.

The Defendant, Gaston County, North Carolina (hereinafter referred to as "Defendant County"), was, and is a county government organized and existing under the laws of the State of North Carolina.

3.

At all times relevant hereto, Defendant William Sampson, is a citizen of the United States and a resident of the State of North Carolina and was a law enforcement officer for Gaston County, North Carolina.

4.

Defendant Advance Auto Parts, Inc is a corporation organized under the laws of the State of North Carolina. It transacts business within the State of North Carolina, within Gaston County, North Carolina.

5.

Defendant Olivia Pressley is a citizen of the United States and a resident of the State of North Carolina and was an employee for Advance Auto Parts, Inc.

JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claims under the U.S. Constitution.

7.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U. S. Constitution.

8.

This Court has personal jurisdiction over all Defendants as it relates to Plaintiff's state law claims. This Court has personal jurisdiction over all Defendants as it relates to Plaintiff's state law claims. Gaston County, North Carolina waives sovereign immunity defense by the purchase of liability insurance under N.C. Gen. Stat. § 153A-435.

9.

Venue is proper in this District under 28 U.S.C § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## FACTUAL ALLEGATIONS

*Events that Occurred on May 16, 2024*

10.

On May 16, 2024, Defendant William Sampson was dispatched to 2411 Rhyne Rd. regarding a report of fraud. During the investigation, Defendant William Sampson conversed with Eva Mayo, who reported receiving a notification from Chase Bank indicating that a fraudulent charge had been made on her account. She was informed that there had been one successful charge amounting to $191 and two unsuccessful attempts totaling $200 on May 10, 2024.

11.

The charge in question was successfully processed by Verizon Wireless. The matter was resolved by Verizon. On the same day, she received notification that the two mobile phones that had been purchased were delivered to an Advance Auto Part Store located at 1030 Dallas Cherryville Hwy, Dallas, NC.

12.

Sometime on or after May 16, 2024, Defendant William Sampson went to the Advanced Auto Parts Store. According to his testimony, employees informed him

that a black female had been inquiring about the status of a package delivery. Defendant Sampson claimed that the employees mentioned the woman had visited the store on multiple occasions and that they were expecting her to return. He also stated that the employees indicated they would collect a phone number or vehicle registration should the woman come back.

13.

On May 20, 2024, Defendant Sampson was contacted by Defendant Olivia Pressley, an employee at the Advanced Auto Parts Store. Defendant Pressley falsely reported to Defendant Sampson that black female had just come in the store to retrieve the cellphones. Additionally, Defendant Pressley provided a photograph of the Plaintiff's vehicle's tag that was captured on May 16, 2024, when the Plaintiff had visited the store looking for an auto part for her husband. Defendant Pressley knowingly made a false statement to Defendant Sampson that black female had just come in the store to retrieve the cellphones on May 20, 2024.

14.

Additionally, Defendant Pressley submitted pictures of the Plaintiff's vehicle registration tag to Defendant Sampson, claiming that the pictures were taken on May 20, 2024. At the moment she transmitted the pictures and informed Defendant Sampson that they were captured on May 20, 2024, she was aware that the statement was false.

15.

It is important to note that the stolen cell phone in question was received at the Advanced Auto Parts Store on May 13, 2024. Upon delivery of the cell phones to the store, Defendant Pressley signed for the packages. However, Defendant Pressley neglected to enter the arrival of the packages into the store's system.

16.

Upon receiving the photograph of the Plaintiff's vehicle license plate number from Defendant Pressley, Defendant Sampson was able to ascertain that the vehicle was associated with the Plaintiff's address. Subsequently, Defendant Sampson proceeded to the Plaintiff's last known residence. There, he observed the Plaintiff inside the vehicle in question. Following this observation, Defendant Sampson prepared and secured a search warrant to conduct a search of the Plaintiff's residence.

17.

On May 25, 2024, Defendant Sampson executed the warrant and conducted a search of the Plaintiff's residence. During this search, three cellphones and a laptop computer were confiscated. The Plaintiff informed Defendant Sampson that she had visited the auto parts store, but only once, on May 16, 2024, for the purpose of purchasing a bolt. The Plaintiff persistently requested to review the surveillance video. The Plaintiff categorically denied any involvement in the identity theft or the acquisition of the phones. To demonstrate her transparency, the Plaintiff willingly

provided the password to unlock her cellphone to Defendant Sampson.

18.

On July 1, 2024, Defendant Sampson examined the Global Positioning System (GPS) data obtained from the Plaintiff's cell phone. This GPS data definitively confirmed that the Plaintiff was present solely at the Advanced Auto Parts store on May 16, 2024, as the Plaintiff communicated to Defendant Sampson on May 25, 2024, at her residence during the execution of the search warrant. Furthermore, it is believed that the GPS data also irrefutably demonstrated that the Plaintiff was not in proximity to the Advanced Auto Parts store on May 20, 2024, contrary to what Defendant Pressley reported to Defendant Sampson.

19.

Notwithstanding the presence of compelling exculpatory evidence that refutes the Plaintiff's culpability, on July 10, 2024, Defendant Sampson secured warrants against the Plaintiff for allegedly attempting to acquire property through false pretenses and for identity theft.

20.

On September 1, 2024, the Plaintiff was taken into custody for acquiring property through fraudulent means and for engaging in identity theft. The Plaintiff successfully signed for her release from incarceration on her own recognizance.

21.

On June 23, 2025, all charges were dismissed by the Gaston County District Attorney's Office through a nolle prosequi.

22.

The Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, depression, and loss of enjoyment of life; has suffered, and continues to suffer damage to their reputation, with attendant emotional distress, embarrassment, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling as well as other economic hardships; and attorney's fees and costs.

23.

Plaintiff is also entitled to punitive damages on all of her claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

24.

The Defendants are jointly and severally to the Plaintiff for damages.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983
Malicious Prosecution in violation of the Fourth Amendment
(Defendant Sampson)

25.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 of this Complaint.

26.

Plaintiff in this action is a citizen of the United States and Defendant Sampson is a person for purposes of 42 U.S.C. § 1983.

27.

At all times relevant hereto, Defendant Sampson was acting under the color of state law in his capacity as a police officer for the Gaston County Police Department and his acts or omissions was conducted within the scope of his official duties or employment.

28.

Plaintiff also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from an unlawful seizure by law

enforcement.

29.

On July 10, 2024, notwithstanding the availability of strong exculpatory evidence that undermines the Plaintiff's culpability, Defendant Sampson secured warrants against the Plaintiff for allegedly trying to obtain property via false pretenses and for identity theft.

30.

At the time Defendant Sampson secured warrants against the Plaintiff for allegedly trying to obtain property via false pretenses and for identity theft, Defendant was aware that the Plaintiff was present solely at the Advanced Auto Parts store on May 16, 2024, as the Plaintiff communicated to Defendant Sampson on May 25, 2025, at her residence during the execution of the search warrant. Defendant Sampson was aware that the Plaintiff was nowhere in proximity to the Advanced Auto Parts store on May 20, 2024, contrary to what Defendant Pressley reported to Defendant Sampson.

31.

Defendant Sampson's actions, as described herein, were objectively unreasonable in light of the facts and circumstances and violated the Plaintiff's Fourth Amendment rights.

32.

As a direct and proximate result of the Defendant Sampson's wrongful conduct, on September 1, 2024, the Plaintiff was taken into custody for acquiring property through fraudulent means and for engaging in identity theft.

33.

On June 23, 2025, all charges were dismissed by the Gaston County District Attorney's Office through a nolle prosequi.

34.

Defendant Sampson acted with actual malice and without probable cause at the time obtained a warrant that resulted in the arrest of the Plaintiff.

35.

Defendant Sampson's action caused the Plaintiff to suffer physical ailments, emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his unlawful arrest.

36.

Defendant Sampson engaged in conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

37.

Defendant Sampson did so with shocking and willful indifference to Plaintiff's rights and with conscious awareness that their actions would cause Plaintiff severe physical and emotional injuries.

38.

The acts or omissions of Defendant Sampson were the moving force behind Plaintiff's injuries.

39.

The acts or omissions of Defendant Sampson as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

40.

Defendant Sampson is not entitled to qualified immunity for his actions.

41.

As a proximate result of the Defendant Sampson's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

42.

Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

43.

In addition to compensatory, economic, consequential and special damages, the Plaintiff is entitled to punitive damages against the Defendant Sampson under 42 U.S.C. § 1983, in that the actions of the Defendant Sampson have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

SECOND CLAIM FOR RELIEF
Malicious Prosecution
(State Claim)
(Against Defendant Sampson and Gaston County)

44.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 of this Complaint.

45.

On July 10, 2024, notwithstanding the availability of strong exculpatory evidence that undermines the Plaintiff's culpability, Defendant Sampson secured warrants against the Plaintiff for allegedly trying to obtain property via false

pretenses and for identity theft.

46.

At the time Defendant Sampson secured warrants against the Plaintiff for allegedly trying to obtain property via false pretenses and for identity theft, Defendant was aware that the Plaintiff was present solely at the Advanced Auto Parts store on May 16, 2024, as the Plaintiff communicated to Defendant Sampson on May 25, 2025, at her residence during the execution of the search warrant. Defendant Sampson aware that the Plaintiff was nowhere in proximity to the Advanced Auto Parts store on May 20, 2024, contrary to what Defendant Pressley reported to Defendant Sampson.

47.

As a direct and proximate result of the Defendant Sampson's wrongful conduct, on September 1, 2024, the Plaintiff was taken into custody for acquiring property through fraudulent means and for engaging in identity theft.

48.

On June 23, 2025, all charges were dismissed by the Gaston County District Attorney's Office through a nolle prosequi.

49.

Defendant Sampson acted with actual malice and without probable cause at the time obtained a warrant that resulted in the arrest of the Plaintiff.

50.

Defendant Sampson's action caused the Plaintiff to suffer physical ailments, emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from her unlawful arrest.

51.

Defendant Sampson did so with shocking and willful indifference to Plaintiff's rights and with conscious awareness that their actions would cause Plaintiff severe physical and emotional injuries.

52.

The acts or omissions of Defendant Sampson were the moving force behind Plaintiff's injuries.

53.

The acts or omissions of Defendant Sampson as described herein intentionally deprived Plaintiff of her freedom and caused her other damages. .

54.

As a proximate result of the Defendant Sampson's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

55.

In addition to compensatory, economic, consequential and special damages, the Plaintiff is entitled to punitive damages against the Defendant Sampson in that the actions of the Defendant Sampson have been taken maliciously, willfully or with a reckless or wanton disregard of Plaintiff's freedom or wellbeing.

56.

At the time of the complained incident Defendant Sampson was acting within the scope of his employment with Gaston County. At the time Defendant Sampson committed the acts described herein, he was acting within the course and scope of their employment and/or agency with Gaston County Police Department. As such, Gaston County, North Carolina is liable for the intentional acts of Defendant Sampson. Therefore, the intentional acts Defendant Sampson are imputed to Gaston County, North Carolina through the doctrines of agency, vicarious liability and respondeat superior.

## THIRD CLAIM FOR RELIEF
Malicious Prosecution
(State Claim)
(Against Defendants Pressley and Advance Auto Parts, Inc)

57.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 of this Complaint.

58.

On May 20, 2024, Defendant Pressley, an employee at the Advanced Auto Parts Store. Defendant Pressley falsely reported to Defendant Sampson that black female had just come in the store to retrieve the cellphones. Additionally, Defendant Pressley provided a photograph of the Plaintiff's vehicle's tag that was captured on May 16, 2024, when the Plaintiff had visited the store looking for an auto part for her husband.   Defendant Pressley knowingly made a false statement to Defendant Sampson that black female had just come in the store to retrieve the cellphones on May 20, 2024.

59.

Additionally, Defendant Pressley submitted images of the Plaintiff's vehicle registration tag to Defendant Sampson, claiming that these images were taken on May 20, 2024. At the moment she transmitted the images and informed Defendant Sampson that they were captured on May 20, 2024, she was aware that this statement

was false.

60.

As a direct and proximate result of the Defendant Pressley wrongful conduct, instigated a criminal investigation of the the Plaintiff that resulted in the Plaintiff's arrest for acquiring property through fraudulent means and for engaging in identity theft.

61.

On June 23, 2025, all charges were dismissed by the Gaston County District Attorney's Office through a nolle prosequi.

62.

Defendant Pressley's action caused the Plaintiff to suffer physical ailments, emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his unlawful arrest.

63.

Defendant Pressley did so with shocking and willful indifference to Plaintiff's rights and with conscious awareness that their actions would cause Plaintiff severe physical and emotional injuries.

64.

The acts or omissions of Defendant Pressley were the moving force behind Plaintiff's injuries.

65.

As a proximate result of the Defendant Pressley's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

66.

In addition to compensatory, economic, consequential and special damages, the Plaintiff is entitled to punitive damages against the Defendant Pressley in that the actions of the Defendant Pressley have been taken maliciously, willfully or with a reckless or wanton disregard of Plaintiff's freedom or wellbeing.

67.

At the time of the complained incident Defendant Pressley was acting within the scope of his employment with Advanced Auto Parts. As such, Advanced Auto Parts is liable for the intentional acts of Defendant Pressley through the doctrines of agency, vicarious liability and respondeat superior.

## FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)
### (All Defendants)

68.

Plaintiff hereby adopts, realleges and incorporates by reference the allegations contained in paragraphs 1 through 24.

69.

The Defendants extreme and outrageous conduct caused the Plaintiff severe emotional distress, including stress, depression, anxiety and loss of enjoyment of life.

70.

Due to the Plaintiff's significant emotional distress, the Plaintiff is currently receiving medical care from a physician.

71.

The Defendant's conduct was recklessly indifferent to the likelihood it would cause severe emotional distress to the Plaintiff.

72.

The Plaintiff seeks and is entitled to actual and compensatory damages for the severe mental and emotional distress that she suffered.

# PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount in excess of $15,000,000.00;

B. Economic losses on all claims allowed by law;

C. Special damages in an amount to be determined at trial;

D. Punitive damages on all claims allowed by law against all Defendants and in an amount in excess of $1,000,000.00;

E. Attorneys' fees and the costs associated with this action under 42 U.S.C § 1988, including expert witness fees, on all claims allowed by law;

F. Pre-and post-judgment interest at the lawful rate; and,

G. Any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 8th day of July 2026.

**CCL LAW OFFICE, PLLC**

/s/ Chantel Cherry-Lassiter
Chantel Cherry- Lassiter
NC Bar No. 54245

1851 W. Ehringhaus St. #126
Elizabeth City, NC 27909
Telephone: (252) 999-8380
chantelcherrylassiter@ccllaw.org

**LAW OFFICES OF HARRY M. DANIELS, LLC**

Harry M. Daniels
Georgia Bar No. 234158
(Pending Pro Hac Vice Approval)

4751 Best Road Suite 205
Atlanta, GA 30337
Telephone: (678) 664-8529
Fax. 800.867.5248
daniels@harrymdaniels.com