**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:26-cv-548**

| | | |
|---|---|---|
| TAMARA PARKER,<br><br>Plaintiff,<br><br>v.<br><br>GASTON COUNTY, NORTH CAROLINA; WILLIAM SAMPSON, individually; ADVANCE AUTO PARTS, INC.; and OLIVIA PRESSLEY, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM IN SUPPORT OF DEFENDANT ADVANCE AUTO PARTS, INC.'S MOTION TO DISMISS** |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Advance Auto Parts, Inc. ("AAP") moves to dismiss Plaintiff's claims against AAP. In support of its motion to dismiss, AAP[1] shows the Court as follows:

## INTRODUCTION

When law enforcement asks for information to assist in an investigation, you give it. Doing so should not expose you to a $15 million lawsuit for malicious prosecution and intentional infliction of emotional distress. And it certainly should not expose your employer. But that is exactly what Plaintiff attempts with her Complaint. Fortunately, the law and the bare facts as alleged by Plaintiff do not withstand the slightest scrutiny, justifying dismissal of Plaintiff's claims against AAP.

---

[1] Plaintiff brought suit against the wrong entity. As clarified in AAP's Corporate Disclosures [Docket No. 8], the correct defendant entity that operated the Store at issue here is Advance Stores Company, Incorporated, a Virginia corporation.

Under the Rule 12(b)(6) standard, Plaintiff's Complaint lacks the specificity required to plausibly allege the malicious prosecution or intentional infliction of emotional distress claims asserted against AAP. Stripped of its vague and conclusory allegations, the Complaint reveals only that an AAP employee, Olivia Pressley, provided information to a law enforcement officer engaged in an active fraud investigation.

Despite asserting that Ms. Pressley "knowingly" provided false information and acted "maliciously," Plaintiff fails to allege facts supporting a plausible inference that Ms. Pressley knew any statement she made or information she provided was untrue, or that she harbored any ill will, spite, or personal hostility toward Plaintiff. In fact, Plaintiff ***does not even allege Ms. Pressley knew who Plaintiff was***. Similarly, Plaintiff baldly asserts that Ms. Pressley's allegedly wrongful actions were done in the scope of her employment with AAP without making a single factual allegation concerning Ms. Pressley's role, AAP's policies, or even that Ms. Pressley was working at the time of the allegedly tortious conduct. Plaintiff further fails to support her intentional infliction of emotional distress claim with sufficient allegations of extreme and outrageous conduct or a severe and disabling mental or emotional condition.

In sum, the Complaint amounts to bare assertions of wrongfulness and formulaic recitations of legal elements—precisely the type of pleading that this Court should disregard. For the reasons explained herein, AAP respectfully requests that this Court dismiss with prejudice Plaintiff's claims against AAP.

## PLAINTIFF'S ALLEGATIONS[2]

On or after May 16, 2024, Defendant Officer William Sampson, while investigating a report of fraud involving the purchase of two cell phones, went to an Advance Auto Parts store in Dallas, North Carolina (the "Store"). (Compl. ¶¶ 10-12.) Officer Sampson spoke with unnamed employees who told him that a black female had been inquiring about the status of a package delivery, had visited the Store on multiple occasions, was expected to return, and that they would collect a phone number or vehicle registration if she did. (Compl. ¶ 12.)

According to Plaintiff, on May 20, 2024, Officer Sampson "was contacted by" Olivia Pressley, "an employee at the Advanced [sic] Auto Parts Store." (Compl. ¶ 13.) Ms. Pressley then "falsely reported to Defendant Sampson that black female had just come in the store to retrieve the cellphones." (Compl. ¶¶ 13, 58.) Further, Ms. Pressley provided a photograph of Plaintiff's license plate, allegedly taken several days earlier, on May 16, 2024. (Compl. ¶¶ 13, 59.)

That is the end of the story with regard to Ms. Pressley's and AAP's purported involvement. By Plaintiff's own account, everything that followed was the product of Officer Sampson's and the Gaston County Police Department's independent, professional judgment. Plaintiff alleges that after receiving the photograph of her vehicle's license plate, Officer Sampson associated the tag with Plaintiff's address, traveled to her residence, observed her in the vehicle, and then prepared and secured a search warrant that he executed on May 25, 2024. (Compl. ¶¶ 16-17.) Plaintiff further alleges that Officer Sampson thereafter interviewed her, obtained and reviewed the GPS data from her cell phone, and—on July 10, 2024, and notwithstanding what Plaintiff characterizes as

---

[2] AAP does not admit the truth of Plaintiff's allegations in the Complaint but acknowledges the Court will assume the truth of only the well-pleaded factual allegations for purposes of this Rule 12(b)(6) motion only.

exculpatory evidence—secured warrants charging her with attempting to obtain property by false pretenses and identity theft. (Compl. ¶¶ 17-19.) Plaintiff was arrested on September 1, 2024. (Compl. ¶ 20.) On June 23, 2025, the Gaston County District Attorney's Office dismissed the charges by *nolle prosequi*. (Compl. ¶ 21.)

Based only on the above allegations, Plaintiff asserts claims against AAP for malicious prosecution and intentional infliction of emotional distress, relying entirely on the conclusory invocation of "agency, vicarious liability and respondeat superior." (Compl. ¶ 67.)

## ARGUMENT

### I. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted where the facts alleged by the plaintiff are insufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570. Although "a judge must accept as true all of the factual allegations contained in the complaint" when ruling on a Rule 12(b)(6) motion, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court need not accept "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. L.P.*, 213 F.3d 175, 180 (4th Cir. 2000). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where the well-pleaded facts of a complaint do not permit the court to infer more than the "mere possibility of misconduct," the complaint has alleged—but has not shown—that the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir.

2009) (affirming dismissal of the complaint because the allegations therein failed to state "any claim for relief that is plausible on its face").

## II. PLAINTIFF'S MALICIOUS PROSECUTION CLAIM SHOULD BE DISMISSED

Plaintiff's malicious prosecution claim against AAP rests on vague and conclusory allegations of wrongdoing by Ms. Pressley and a single, unsupported assertion that at the time of the alleged wrongful conduct she "was acting within the scope of his [sic] employment with Advanced [sic] Auto Parts." (Compl. ¶ 67.)

Although unclear, the Complaint appears to anchor its claims against AAP and Ms. Pressley to the theory that Ms. Pressley initiated the criminal proceedings eventually brought against Plaintiff by (1) falsely alleging that a "black female had just come in the store" to retrieve stolen phones and (2) submitting photographs of Plaintiff's license plate and falsely claiming that the photographs were taken on May 20, 2024. (Compl. ¶¶ 13, 58-59.)

What the Complaint omits is as significant to the Court's analysis as the few substantive allegations it contains. The Complaint contains no factual allegations from which this Court can plausibly infer that Ms. Pressley knew her actions were wrongful. And regardless of the plausibility of that inference, Plaintiff does not sufficiently allege that Ms. Pressley's actions were done in the scope of her employment with AAP.

This Court should, therefore, dismiss Plaintiff's malicious prosecution claim against AAP for two reasons. **First**, the allegations of Ms. Pressley's wrongful conduct are impermissibly vague and conclusory, and thus fail to establish the required elements to maintain a claim for malicious prosecution. **Second**, Plaintiff fails to allege any facts sufficient to establish that Ms. Pressley was acting within the scope of her employment at the time of the allegedly wrongful conduct.

**A. Beyond Mere Legal Conclusions, Plaintiff's Allegations Fail to State a Claim for Malicious Prosecution.**

The allegations supporting the malicious prosecution claim against Ms. Pressley falter under the slightest scrutiny. Given that Plaintiff's claim against AAP is premised on a theory of *respondeat superior*, as is discussed in more detail below, Plaintiff's malicious prosecution claim against AAP must also fail. To survive a motion to dismiss a claim for malicious prosecution, Plaintiff must allege facts showing "that the defendant (1) initiated or participated in the earlier proceeding, (2) did so maliciously, (3) without probable cause, and (4) the earlier proceeding ended in favor of the plaintiff." *Seguro-Suarez v. Key Risk Ins. Co.*, 261 N.C. App. 200, 211 (2018).

1) <u>Plaintiff Does Not Allege Facts to Establish Ms. Pressly Initiated a Criminal Proceeding</u>.

Under North Carolina law, a private party who furnishes information to law enforcement does not thereby "initiate" a criminal proceeding. *See N.C. Farm Bureau Mut. Ins. Co. v. Cully's Motorcross Park, Inc.*, 366 N.C. 505, 513 (2013). Adopting Section 653 of the Restatement (Second) of Torts, the North Carolina Supreme Court held that "[w]hen a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable . . . even though the information proves to be false and his belief was one that a reasonable man would not entertain." *Id.* (quoting *Restatement (Second) of Torts* § 653 cmt. g (1977)). "The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings." *Id.*

The *Farm Bureau* Court discouraged claims based on the very scenario Plaintiff alleges here: a store employee responding to an officer's request for information during an ongoing

investigation, followed by that officer's own investigative decision—weeks later, and only after his own interview of Plaintiff, his own search of her residence, and his own review of her cell phone data—to seek and obtain a warrant for the arrest of Plaintiff.

Plaintiff appears to rely on one narrow exception to the *Farm Bureau* rule: a party "initiates" a proceeding, notwithstanding independent prosecutorial discretion, only where they "knowingly provide[] false information to authorities." *Seguro-Suarez*, 261 N.C. App. at 211. Plaintiff's claim against AAP therefore rises or falls entirely on this exception. Plaintiff cannot invoke such exception simply by saying it, however. Her claim for malicious prosecution is based solely on the threadbare assertion that Ms. Pressley "knowingly made a false statement to Defendant Sampson[.]" (Compl. ¶¶ 13, 58.) That is not a fact; it is the element of the exception, recited verbatim and untethered to anything more. Taking each "false statement" in turn, the paucity of material allegations in the Complaint becomes evident.

First, on its face, the statement "that [sic] black female had just come in the store to retrieve the cellphones" is not directed at Plaintiff at all and certainly is not accompanied by any indicia of its falsity. (Compl. ¶¶ 13, 58.) Likewise, Plaintiff alleges no facts showing that Ms. Pressley knowingly misrepresented the photograph of Plaintiff's license plate as having been taken on May 20, 2024, rather than several days earlier.

In both cases, Plaintiff fails to allege any facts from which this Court can infer that Ms. Pressley knew her alleged statements to Officer Sampson were untrue. *See Farm Bureau*, 366 N.C. at 514 (rejecting the "but for" formulation of a malicious prosecution claim and emphasizing the need to demonstrate that the defendant ***knew*** the statement(s) provided to law enforcement were untrue). The Complaint never, for instance, alleges that Ms. Pressley identified or even ***knew*** Plaintiff. Nowhere does the Complaint allege that Ms. Pressley was the employee Plaintiff spoke

with the day she visited the Store; that Ms. Pressley had any interaction with Plaintiff whatsoever; or that Ms. Pressley understood the photographed license plate belonged to Plaintiff's vehicle. The Complaint contains zero details of the alleged circumstances around the photograph—who took it, who was responsible for the custody of it, or how Officer Sampson and the Gaston County Police Department used it in their subsequent investigation and charging decisions.

Absent such facts, simply asserting that Ms. Pressley "knowingly" provided false information to Officer Sampson is exactly the type of bare assertion this Court should set aside. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes[.]"). To let this claim proceed on nothing more than the word "knowingly" would strip the *Farm Bureau* protection of any meaning.[3]

2) <u>Plaintiff Does Not Allege Probable Cause or Malice</u>.

Plaintiff's malicious prosecution claim against Ms. Pressley (and therefore against AAP) fails for two additional reasons. First, the Complaint does not allege, even in a conclusory manner, that Ms. Pressley acted without probable cause. Indeed, the failure to adequately allege any necessary element of a cause of action is fatal to a claim's viability on a motion to dismiss. *See Rovnyak v. City of Charlotte*, No. 3:22-cv-00064, 2022 U.S. Dist. LEXIS 118175, at *15-16

---

[3] The *Farm Bureau* Court recognized the need to balance the public interest in community cooperation with law enforcement and the need to guard against the abuse of that sacred trust. The Court, citing the Restatement (Second) of Torts, saw fit to reserve a malicious prosecution claim for those who would "subvert to their own ends" the power held by law enforcement, and who act with intention to harm their neighbors. *Farm Bureau*, 366 N.C. at 514. Allowing Plaintiff's tenuous theory of AAP's liability to proceed would upset this balance by discouraging companies and their employees from cooperating with police investigations.

(W.D.N.C. July 5, 2022) (dismissing a negligent infliction of emotional distress claim for failure to allege duty—an essential element of the claim—which "alone [was] fatal").

Second, the Complaint is devoid of any factual allegations supporting the element of malice. Under North Carolina law, malice in a malicious prosecution claim may be shown in two ways. Actual malice "may be shown by offering evidence that defendant 'was motivated by personal spite and a desire for revenge' or that defendant acted with 'reckless and wanton disregard' for plaintiff['s] rights." *Becker v. Pierce*, 168 N.C. App. 671, 676 (2005) (quoting *Moore v. City of Creedmoor*, 345 N.C. 356, 371 (1997)). Implied malice "may be inferred from a lack of probable cause." *Williams v. Kuppenheimer Mfg. Co.*, 105 N.C. App. 198, 203 (1992).

Because Plaintiff never once alleges that Ms. Pressley acted without probable cause, the Complaint embraces only the actual-malice standard as to Ms. Pressley and AAP. On the other hand, the Complaint repeatedly alleges that Defendant Sampson acted "without probable cause" in securing the arrest warrants. (Compl. ¶¶ 29–30, 34, 49.) Plaintiff's decision to omit any probable cause allegation against Ms. Pressley forecloses the implied-malice theory and means that Plaintiff can proceed only under the alternative, actual-malice theory—requiring a showing that Ms. Pressley was "motivated by personal spite and a desire for revenge" or acted with "reckless and wanton disregard" for Plaintiff's rights. *Becker*, 168 N.C. App. at 676.

Plaintiff here has pleaded nothing of the kind. The Complaint does not allege that Ms. Pressley harbored any ill will, spite, or personal hostility toward Plaintiff. There is no allegation that the two had ever even met, interacted, or had any prior relationship—friendly or otherwise—that could give rise to an inference of personal animosity. In *Becker*, the North Carolina Court of Appeals found a genuine issue of material fact on malice only because the record reflected a multi-year dispute between neighbors. *Id.* at 676–77. No comparable allegations appear here. Instead,

Plaintiff offers precisely the sort of conclusory, formulaic recitation of an element that this Court must disregard. *See Nemet Chevrolet, Ltd.*, 591 F.3d at 255. Without any factual predicate suggesting personal spite, a desire for revenge, or a reckless and wanton disregard for Plaintiff's rights, the Complaint fails to state a plausible claim on the element of malice.

Because Plaintiff fails to allege multiple essential elements of the claim,[4] this Court should dismiss Plaintiff's malicious prosecution claim against Ms. Pressley and AAP.

**B. Plaintiff Fails to Allege Facts Establishing AAP's Liability Under the Doctrine of *Respondeat Superior*.**

Even assuming that the Complaint's allegations were sufficient to state a malicious prosecution claim against Ms. Pressley (they are not), Plaintiff utterly fails to tie any such wrongful conduct to AAP.

"[L]iability of a principal for the torts of his agent may arise in three situations: (1) when the agent's act is expressly authorized by the principal; (2) when the agent's act is ratified by the principal; or (3) when the agent's act is committed within the scope of his employment and in furtherance of the principal's business. In the first two of these three situations, liability is based upon traditional agency principles; in the third of these three situations, liability is based upon the

---

[4] The Complaint also lacks critical factual allegations concerning the circumstances under which the criminal proceedings against Plaintiff were terminated, resulting in Plaintiff's failure to allege facts showing the earlier proceeding ended in her favor. *See Seguro-Suarez*, 261 N.C. App. at 211. In North Carolina, it is well established that "where the criminal action is withdrawn or terminated *by compromise* brought about by the defendant, an action for malicious prosecution based thereon, will not lie." *Alexander v. Lindsey*, 230 N.C. 663, 671 (1949) (emphasis added); *Tucker v. Duncan*, 499 F.2d 963, 965 (4th Cir. 1974) (holding that the trial court erred by submitting a malicious prosecution claim to the jury where the charges against the criminal defendant were "dismissed by way of nol-pros obtained by his attorney"). Although Plaintiff repeatedly alleges that the charges against her were dismissed by way of *nolle prosequi* (Compl. ¶¶ 21, 33, 48, 61), she notably does not allege why the charges were dropped. Plaintiff's failure to allege facts supporting this element of her malicious prosecution claim further justify dismissal.

doctrine of *respondeat superior*." *Creel v. N.C. Dep't of Health & Human Servs.*, 152 N.C. App. 200, 202-03 (2002) (internal citations omitted). In her Complaint, Plaintiff asserts only that Ms. Pressley was acting in the scope of her employment when she provided the information to Officer Sampson, as described above. Thus, despite a passing reference to "vicarious liability" and "agency," the only possible theory under which AAP could be held liable is that of *respondeat superior*.[5]

Although juries typically decide whether an employee's misconduct was committed within the scope of her employment and in furtherance of the employer's business, "when the misconduct is 'so clearly outside the scope of employment,' the trial court may resolve a respondeat superior claim, as a matter of law, in favor of the employer." *Merrell v. Smith*, No. 19 CVS 21650, 2020 NCBC LEXIS 150, at *34, *37 (N.C. Super. Ct. Dec. 22, 2020) (quoting *Medlin v. Bass*, 327 N.C. 587, 593-94 (1990)) (internal citation omitted) ("[T]he critical question [is] whether the [misconduct] *was committed in the course of activities that the employee was authorized to perform*.") (emphasis in original).

North Carolina courts have held that intentional tortious acts, including malicious prosecution, "are rarely considered to be within the scope of an employee's employment." *Brown v. Burlington Indus., Inc.*, 93 N.C App. 431, 437 (1989). Thus, to survive the present motion to dismiss, Plaintiff must allege facts tending to show that Ms. Pressley was "acting in furtherance of

[5] Plaintiff appears to conflate two types of vicarious liability: one based on *respondeat superior* and the other based upon "traditional agency principles." *Creel*, 152 N.C. App. at 202-03. Notably, Plaintiff does not attempt to allege—even in a conclusory manner—the elements of the agency-based theories of vicarious liability, namely, that AAP "expressly authorized" or "ratified" Ms. Pressley's allegedly wrongful acts. *Id.* This Court should disregard Plaintiff's threadbare assertion of any other theory of vicarious liability given that, when assessing a motion to dismiss pursuant to Rule 12(b)(6), courts are not required to accept legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments. *See E. Shore Mkts., Inc.*, 213 F.3d at 180.

the principal's business and for the purpose of accomplishing the duties of [her] employment." *EEOC v. Joe's Old Fashioned Bar-B-Que, Inc.*, No. 5:18-CV-00180, 2020 U.S. Dist. LEXIS 103497, at *11 (W.D.N.C. June 12, 2020) (quoting *B.B. Walker Co. v. Burns Int'l Sec. Servs., Inc.*, 108 N.C. App. 562, 566 (1993)).

The Complaint makes no effort to demonstrate to this Court that Ms. Pressley's allegedly wrongful actions were "committed in the course of activities that the employee was authorized to perform." *Merrell*, 2020 NCBC LEXIS 150, at *37. The sum of Plaintiff's allegations relevant to the claim for malicious prosecution against AAP is: (1) Olivia Pressley was an employee of AAP, (2) she shared that a "black female" had come into the store asking for fraudulently purchased cell phones, and (3) she provided a photograph of Plaintiff's license plate to Officer Sampson. (Compl. ¶¶ 13-14.)

Plaintiff never alleges that Ms. Pressley was on duty, on the premises, or performing any task assigned to her by AAP when she contacted Officer Sampson; that speaking with law enforcement fell within her job responsibilities; or that she acted pursuant to any AAP policy, practice, or instruction. Plaintiff's omissions are not mere technicalities—they are fatal to her claims against AAP. Without factual allegations placing Ms. Pressley's conduct within the scope of her employment *and* in furtherance of AAP's business, there is nothing from which this Court could plausibly infer that AAP is answerable for anything Ms. Pressley is alleged to have done.

For the various reasons discussed above, this Court should dismiss the malicious prosecution claim against AAP.

## III. PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To state a claim for intentional infliction of emotional distress ("IIED"), Plaintiff must allege (1) extreme and outrageous conduct by the defendant, (2) which is intended to and does in

fact cause (3) severe emotional distress. *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 487-88 (1986). Plaintiff's IIED claim against AAP fails for three reasons.

**First**, Plaintiff fails to allege sufficiently extreme and outrageous conduct to state a valid IIED claim against Ms. Pressley (and therefore AAP). *See Smith-Price v. Charter Behavioral Health Sys.*, 164 N.C. App. 349, 354 (2004) ("Conduct is extreme and outrageous when it is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"). Plaintiff's exclusive reliance on vague and conclusory allegations related to Ms. Pressley's conduct, without specific allegations from which one could even infer outrageousness, indecency, atrocity, or intolerance, falls well short of Plaintiff's burden on a Rule 12(b)(6) motion. *See Satterwhite v. Wal-Mart Stores E., L.P.*, No. 5:11-CV-363, 2012 U.S. Dist. LEXIS 9584, at *13-14 (W.D.N.C. Jan. 26, 2012) (dismissing Plaintiff's IIED claim where the complaint "failed to connect . . . facts to her allegation that Wal-Mart engaged in the type of extreme and outrageous behavior that North Carolina courts are prepared to recognize").

**Second**, Plaintiff has not pleaded severe emotional distress as required under applicable case law. Plaintiff baldly contends that she suffers, as a consequence of Ms. Pressley's allegedly wrongful actions, "PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks[.]" (Compl. ¶ 62.) Courts sitting in North Carolina consistently dismiss IIED claims based on similar allegations, which fail to allow courts to "reasonably infer that [the plaintiff] became disabled due to [the defendant's] conduct." *See, e.g.*, *Vurimindi v. Link*, No. 10CV965, 2011 U.S. Dist. LEXIS 132161, at *13–14 (M.D.N.C. Nov. 16, 2011) (dismissing IIED claim where plaintiff alleged only general stress symptoms such as fatigue, insomnia, and irritability that did not establish a disabling condition), *aff'd*, 479 F. App'x

457 (4th Cir. 2012); *Batlle v. United Drug Supply*, No. 1:20-CV-412, 2020 U.S. Dist. LEXIS 255538, at *26-27 (M.D.N.C. Dec. 2, 2020) (granting a Rule 12(b)(6) motion to dismiss an IIED claim based on allegations that the Defendant caused Plaintiff to feel "emotionally distraught," "imprisoned and scared," "extreme duress," "severe emotional distress, mental anguish, humiliation, embarrassment, and pain"); *Piro v. McKeever*, 245 N.C. App. 412, 419, 424 (2016) (dismissing an IIED claim alleging "mental anguish, depression, stress, embarrassment, humiliation, concern for his sons, substantial monetary expenses, and other damages to be proven at trial"), *aff'd*, 369 N.C. 291 (2016).

Plaintiff's IIED claim cannot survive the present motion to dismiss merely by characterizing her harm as "severe" without "identify[ing] a severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *See Moschos v. Moschos*, 287 N.C. App. 162, 166 (2022); *see also Satterwhite*, 2012 U.S. Dist. LEXIS 9584, at *15 (finding the "bare conclusion" that the plaintiff suffered severe emotional distress insufficient to survive motion to dismiss). Without first establishing a severe and disabling emotional or mental condition, Plaintiff's contention that she is "receiving medical care from a physician" due to Ms. Pressley's alleged actions, (Compl. ¶ 70), is similarly unavailing. *Moschos*, 287 N.C. App. at 166 (affirming dismissal of IIED claim even where the plaintiff "under[took] psychological treatment as a result of [Defendant]'s conduct" because the plaintiff's allegations failed to sufficiently identify a severe and disabling emotional or mental condition).

**Third**, the IIED claim fails for the same reasons Plaintiff's malicious prosecution claim against AAP fails. As set forth above, Plaintiff does not allege facts placing Ms. Pressley's conduct within the scope of her employment, so even if she had alleged outrageous or extreme conduct—

which Plaintiff did not—there would be no basis upon which to impute any alleged outrageous or extreme conduct to AAP.

Plaintiff fails to allege extreme and outrageous conduct, fails to allege severe emotional distress under North Carolina law, and fails to tie such conduct to AAP. For all these reasons, Plaintiff's IIED claim against AAP must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to plead facts sufficient to state a plausible claim against AAP for malicious prosecution or intentional infliction of emotional distress. AAP therefore respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's claims against AAP with prejudice.

This the 15th day of September, 2026.

*/s/ Jacqueline Y. Ferrell*
Mark A. Nebrig (N.C. Bar No. 28710)
Jacqueline Y. Ferrell (N.C. Bar No. 27646)
Rashaad B. Hamilton (N.C. Bar No. 58275)
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
Telephone: (704) 331-1000
marknebrig@mvalaw.com
jacquelineferrell@mvalaw.com
rashaadhamilton@mvalaw.com
***Attorneys for Defendant***
***Advance Auto Parts, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT ADVANCE AUTO PARTS, INC'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties and counsel of record, including the following:

Chantel Cherry-Lassiter
N.C. Bar No. 54245
1851 Eringhaus St. # 136
Elizabeth City, NC 27909
Telephone: (252) 999-8380
Email: chantelcherrylassiter@ccllaw.org

David Goldberg
N.C. Bar No. 49229
P.O. Box 1578
Gastonia, NC 288053-1578
Telephone: (704) 866-3227
Email: David.Goldberg@gastongov.com

Scott MacLatchie
N.C. Bar No. 22824
HALL BOOTH SMITH, P.C.
11215 N Community House Road, Suite 750
Charlotte, NC 28277
Telephone: (980) 859-0380
Email: smaclatchie@hallboothsmith.com

Jonathon D. Townsend
N.C. Bar No. 51751
WAGNER HICKS PLLC
831 E. Morehead Street, Suite 860
Charlotte, North Carolina 28202
Telephone: (704) 705-8311
Email: Jonathon.townsend@wagnerhicks.law

I hereby certify that I served a copy of this Motion to Dismiss by U.S. Mail, postage prepaid, to the following parties and counsel of record:

Harry M. Daniels
GA Bar No. 234158 (PHV Pending)
4751 Best Road Suite 205
Atlanta, GA 30337
Telephone: (678) 664-8529
Email: daniels@harrymdaniels.com

This the 15th day of September, 2026.

*/s/ Jacqueline Y. Ferrell*
Jacqueline Y. Ferrell