IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 26-548

| | |
|---|---|
| Tamara Parker, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| | ) |
| William Sampson, individually; | ) |
| )Advance Stores Company, Inc; d/b/a | ) |
| Advanced Auto Parts Store; | ) |
| Olivia Pressley, individually, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT WILLIAM SAMPSON'S MOTION TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT

## INTRODUCTION AND PERTINENT BACKGROUND FACTS

Your Honor, Defendant Sampson asserts entitlement to qualified immunity despite possessing exculpatory evidence or having ready access to facts within his knowledge that would reasonably suggest Tamara Parker did not perpetrate the alleged crime, yet he proceeded to seek a warrant without disclosing or adequately addressing such facts. However, Defendant Sampson's position is undermined by

Fourth Circuit precedent, which characterizes such an omission as potentially reckless when the withheld facts would eliminate probable cause, and which holds that qualified immunity is unavailable when the omitted facts are material. See Miller v. Prince George's County, Md, 475 F.3d 621 (4th Cir. 2007); Humbert v. Mayor & City Council of Balt. City, 866 F.3d 546 (4th Cir. 2017); Jackson v. Carin, 128 F.4th 525 (4th Cir. 2025).

Further, Defendant Sampson mistakenly contends that the core allegation in the First Amended Complaint ("FAC"), is that an Advance Auto employee provided false information, and that Defendant Sampson should have ruled out Plaintiff as a suspect without pursuing an arrest warrant upon receiving cellular carrier data indicating Plaintiff's phone pinged at the store parking lot on a date inconsistent with the employee's account of when she photographed Plaintiff's vehicle. Notwithstanding Defendant Sampson's contrary interpretation of the FAC's allegations, the FAC specifically alleges that Defendant Sampson examined Global Positioning System (GPS) data derived from Plaintiff's cellular telephone. This GPS data conclusively established that Plaintiff was present exclusively at the Advanced Auto Parts store on May 16, 2024, as Plaintiff communicated to Defendant Sampson on May 25, 2024, at her residence during execution of the search warrant. Furthermore, the FAC alleges that the GPS data unequivocally demonstrated that Plaintiff was not located near the Advanced Auto Parts store on May 20, 2024,

contrary to Defendant Pressley's report to Defendant Sampson. Specifically, the FAC alleges that despite the existence of substantial exculpatory evidence establishing Plaintiff's innocence, on July 10, 2024, Defendant Sampson obtained warrants against Plaintiff for allegedly attempting to obtain property through fraudulent means and for identity theft. At the time Defendant Sampson obtained the warrant, he possessed no financial records, physical evidence, digital evidence, computer evidence, or cellular phone evidence that directly or indirectly connected Plaintiff to the crimes of obtaining property through fraudulent means and identity theft. Defendant Sampson was cognizant of the GPS evidence that substantially contradicted Defendant Pressley's identification of Plaintiff on May 20, 2024, and disregarded it. Finally, the FAC alleges that Defendant Sampson excluded from his warrant application the GPS data that contradicted Defendant Pressley's identification of Plaintiff on May 20, 2024.

## ARGUMENT AND AUTHORITY

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss an action which fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). To satisfy the pleading requirements, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Factual allegations are taken to be true and must be sufficient to raise the right to relief above the speculative level. Id. The Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992). At the motion to dismiss stage, the district court must accept as true all well- pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." Mays v. Sprinkle, 992 F.3d 295, 299 (4th Cir. 2021).

**I.** Qualified immunity

Qualified immunity shields government officials from liability in a § 1983 suit as long as their conduct has not violated 'clearly established statutory or constitutional rights of which a reasonable person would have known. Humbert at. 555. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, (1982)). To determine whether an officer is shielded by qualified immunity two questions must be answered. First, if taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? See Miller v. Prince George's Cnty., 475 F.3d 621, 626-27 (4th Cir. 2007). "Though not every mix-up in issuance of an arrest warrant . . . automatically constitutes a constitutional violation for which a remedy may be sought," "the Supreme Court has made equally clear that police officers cannot intentionally lie in warrant affidavits, or recklessly include or exclude material information known to them." Id. at 630

(quoting Thompson v. Prince William Cnty., 753 F.2d 363, 364 (4th Cir. 1985)).

When a law enforcement officer asserts that qualified immunity protects him from liability for a federal constitutional violation, as Defendant Sampson does here, a court must consider two questions. First, we must determine, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201,121 (2001). Only if the answer is "yes" do we advance to "the next, sequential step," which is "to ask whether the right asserted was clearly established" at the time of the events at issue. Id.

## II. Defendant Sampson is not entitled to qualified immunity on Plaintiff's Federal Malicious Prosecution Claim

Here, as discussed in the introduction, supra, The FAC alleges that Defendant Sampson examined Global Positioning System (GPS) data derived from Plaintiff's cellular telephone. This GPS data conclusively established that Plaintiff was present exclusively at the Advanced Auto Parts store on May 16, 2024, as Plaintiff communicated to Defendant Sampson on May 25, 2025, at her residence during execution of the search warrant. Furthermore, the FAC alleges that the GPS data unequivocally demonstrated that Plaintiff was not located near the Advanced Auto Parts store on May 20, 2024, contrary to Defendant Pressley's report to Defendant Sampson. Specifically, the FAC alleges that despite the existence of substantial exculpatory evidence establishing Plaintiff's innocence, on July 10, 2024, Defendant

Sampson obtained warrants against Plaintiff for allegedly attempting to obtain property through fraudulent means and for identity theft. At the time Defendant Sampson obtained the warrant, he possessed no financial records, physical evidence, digital evidence, computer evidence, or cellular phone evidence that directly or indirectly connected Plaintiff to the crimes of obtaining property through fraudulent means and identity theft. Defendant Sampson was cognizant of the GPS evidence that substantially contradicted Defendant Pressley's identification of Plaintiff on May 20, 2024, and disregarded it. Finally, the FAC alleges that Defendant Sampson excluded from his warrant application the GPS data that contradicted Defendant Pressley's identification of Plaintiff on May 20, 2024. At this stage of litigation and taking the facts "in the light most favorable" to Plaintiff, the facts alleged show that Defendant Sampson conduct violated the Plaintiff's constitutional right. Plaintiff maintains that the facts outlined above, considered in the light most favorable to her, allege a claim that she was seized without probable cause in violation of his Fourth Amendment rights. It has long been established that he Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable. <u>Brooks v. City of Winston-Salem</u>, 85 F.3d 178, 183 (4th Cir. 1996); see Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); <u>Franks v. Delaware</u>, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Plaintiff acknowledges that she was arrested

pursuant to a warrant but claims that the warrant was not supported by probable cause. A plaintiff's allegations that police seized him "pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a ... claim alleging a seizure that was violative of the Fourth Amendment." Brooks, 85 F.3d at 183-84. The Plaintiff alleges here that her seizure was unreasonable because it followed from a warrant affidavit that was deficient because it was dishonest. The Plaintiff has alleged that Defendant Sampson deliberately or with a "reckless disregard for the truth" made materially false statements in his affidavit, or omitted from that affidavit, material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading. United States v. Colkley, 899 F.2d 297, 300 (4th Cir.1990), "Reckless disregard" can be established by evidence that an officer acted with a high degree of awareness of a statement's probable falsity, that is, when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported. Wilson v. Russo, 212 F.3d 781, 788 (3d Cir.2000)(internal quotation marks omitted); see also, Forest v. Pawtucket Police Dept., 377 F.3d 52, 58 (1st Cir.2004); United States v. Clapp, 46 F.3d 795, 801 n. 6 (8th Cir.1995). With respect to omissions, "reckless disregard" can be established by evidence that a police officer "failed to inform the judicial officer of facts [he] knew would negate probable cause." Beauchamp v. City

of Noblesville, Inc., 320 F.3d 733, 743 (7th Cir.2003); see also Wilson, 212 F.3d at 788; United States v. Jacobs, 986 F.2d 1231, 1235 (8th Cir.1993).

According to the FAC, Defendant Sampson either knowingly or with reckless indifference to truthfulness submitted materially false statements in his affidavit, or deliberately withheld material facts from that affidavit with the purpose of rendering the affidavit deceptive, or with reckless disregard as to whether such omissions would render it deceptive. This conduct is alleged because Defendant Sampson possessed knowledge of GPS evidence that substantially contradicted Defendant Pressley's identification of Plaintiff on May 20, 2024, yet disregarded such evidence. Furthermore, Defendant Sampson deliberately omitted from his warrant application the GPS data that contradicted Defendant Pressley's identification of Plaintiff on May 20, 2024.

Therefore, Defendant Sampson is not entitled to dismissal of plaintiff's section 1983 malicious prosecution claim as a matter of law.

**III.** Defendant Sampson is not entitled to official immunity dismissal of Plaintiff's state malicious prosecution claim as a matter of law

Under North Carolina malicious prosecution jurisprudence, malice may be inferred from the absence of probable cause, particularly in circumstances demonstrating reckless disregard for the rights of others. The absence of probable cause combined with reckless disregard constitutes sufficient grounds to establish malice, as established in Brown v. Town of Chapel Hill, 756 S.E.2d 749 (N.C. App.

2014). These principles apply directly to omitted exculpatory evidence in warrant applications. When an officer possesses facts materially undermining guilt but presents the application as though those facts do not exist, a court may assess probable cause based on the complete set of facts actually known to the officer, rather than solely on the selective facts the officer chose to present. As noted above, Defendant Sampson deliberately omitted from his warrant application the GPS data that contradicted Defendant Pressley's identification of Plaintiff on May 20, 2024. In fact, as alleged in the FAC, no evidence connected the Plaintiff to any crime. The only means by which Defendant Sampson identified the Plaintiff was based solely on a statement from Defendant Pressley concerning the Plaintiff—a statement that was readily disprovable because Defendant Sampson possessed material information demonstrating that the Plaintiff was not at the Advanced Auto Parts store on May 20, 2024, contrary to Defendant Pressley's report to Defendant Sampson. Therefore, Defendant Sampson is not entitled to official immunity dismissal of Plaintiff's state malicious prosecution claim as a matter of law.

**IV.** Plaintiff's intentional infliction of emotional distress claim should not be dismissed.

Defendant Sampson contends that the Plaintiff's intentional infliction of emotional distress claim is barred because probable cause existed to seek an arrest warrant for the Plaintiff. However, as argued above, no evidence connected the

Plaintiff to any crime. In fact, the Plaintiff voluntarily provided her cell phone password to Defendant Sampson upon request because she had not committed a crime. Defendant Sampson discovered no evidence on the Plaintiff's cell phone or other electronic devices confiscated from the Plaintiff's home on May 25, 2024, that linked the Plaintiff to the crime. As noted above, the sole basis upon which the Plaintiff became a suspect was grounded exclusively in a statement from Defendant Pressley concerning the Plaintiff—a statement that was readily refutable because Defendant Sampson possessed material information demonstrating that the Plaintiff was not present at the Advanced Auto Parts store on May 20, 2024, contrary to Defendant Pressley's report to Defendant Sampson. However, Defendant Sampson proceeded to seek a warrant without disclosing or adequately addressing such facts. However, Defendant Sampson's position is undermined by Fourth Circuit precedent, which characterizes such an omission as potentially reckless when the withheld facts would eliminate probable cause, and which holds that qualified immunity is unavailable when the omitted facts are material. See Miller v. Prince George's County, Md, 475 F.3d 621 (4th Cir. 2007); Humbert v. Mayor & City Council of Balt. City, 866 F.3d 546 (4th Cir. 2017); Jackson v. Carin, 128 F.4th 525 (4th Cir. 2025).

Based on the applicable authority and the FAC, the Plaintiff's intentional infliction of emotional distress claim should not be dismissed.

## CONCLUSION

At the motion to dismiss stage, the district court must accept all well-pleaded allegations as true and draw all reasonable factual inferences in the plaintiff's favor. As alleged in the FAC, Defendant Sampson possessed material exculpatory evidence or had ready access to facts within his knowledge that would have objectively established Tamara Parker's innocence of the charged crime, yet he proceeded to seek a warrant without disclosing or adequately presenting such facts to the court. On June 23, 2025, the Gaston County District Attorney's Office dismissed all charges via nolle prosequi. The Plaintiff has suffered, and continues to suffer, severe pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, depression, and loss of enjoyment of life. The Plaintiff has also suffered, and continues to suffer, damage to his or her reputation, accompanied by emotional distress, embarrassment, disgrace, humiliation, and loss of enjoyment of life. The Plaintiff was prevented, and will continue to be prevented, from performing daily activities and obtaining the full enjoyment of life and has sustained loss of earnings. These injuries resulted from Defendant Sampson's conduct, as described in the FAC, which was undertaken willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

Therefore, Defendant Sampson's motion must be denied.

Respectfully submitted this 26th day of October 2026.

**LAW OFFICES OF HARRY M. DANIELS, LLC**

/s/Harry M. Daniels
Harry M. Daniels
Georgia Bar No. 234158

4751 Best Road Suite 205
Atlanta, GA 30337
Telephone: (678) 664-8529
Fax. 800.867.5248
daniels@harrymdaniels.com

**CCL LAW OFFICE, PLLC**

/s/ Chantel Cherry-Lassiter
Chantel Cherry- Lassiter
NC Bar No. 54245

1851 W. Ehringhaus St. #126
Elizabeth City, NC 27909
Telephone: (252) 999-8380
chantelcherrylassiter@ccllaw.org

Certificate of Service

I certify that on October 26, 2026, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will send notice to all counsel of record.