IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 26-548

| | |
|---|---|
| Tamara Parker, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| | ) |
| William Sampson, individually; | ) |
| Advance Stores Company, Inc; d/b/a | ) |
| Advanced Auto Parts Store; | ) |
| Olivia Pressley, individually, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS OLIVIA PRESSLEY'S AND ADVANCED AUTO PARTS STORE'S MOTION TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT

INTRODUCTION AND PERTINENT BACKGROUND FACTS

Your Honor, Defendants Pressley and Advance Auto Parts Store asserts that the Plaintiff's First Amended Complaint ("FAC") fails to state claim on the Plaintiff's malicious prosecution claim should be dismissed because the allegations do not support a plausible inference that Defendant Pressley's single statement to

Defendant Sampson constitutes malicious prosecution. Further, both Defendant Pressley and Advance Auto Parts Store asserts that the Plaintiff failed to plead a claim for intentional infliction of emotional distress against Defendant Pressley. Finally, Defendant Advance Auto Parts Store asserts that the plaintiff fails to allege facts establishing Advance Auto Parts Store’s liability under the doctrine of *respondeat superior*

Pursuant to North Carolina law, all aforementioned arguments fall substantially short and warrant rejection by this Court. Upon careful examination of the Amended Complaint, this Court shall find and draw all reasonable inferences in favor of the Plaintiff that, absent Defendant Pressley's singular false statement, Defendant Sampson would not have procured the Plaintiff's subsequent arrest. In fact, Defendant would have not discovered the Plaintiff but for Defendant Pressley's singular false statement. As alleged in the FAC, Defendant Sampson possessed no other evidence connecting the Plaintiff to the alleged theft beyond the intentional lie communicated by Defendant Pressley. (See FAC at ¶ 18). The Plaintiff was identified as the suspect solely through Defendant Sampson's reliance upon Defendant Pressley's false statement. This lie directly precipitated the Plaintiff's arrest and subsequent prosecution. Finally,

## ARGUMENT AND AUTHORITY

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss an action which fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). To satisfy the pleading requirements, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Factual allegations are taken to be true and must be sufficient to raise the right to relief above the speculative level. Id. The Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992). At the motion to dismiss stage, the district court must accept as true all well- pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." Mays v. Sprinkle, 992 F.3d 295, 299 (4th Cir. 2021).

**I.** Plaintiff's malicious prosecution claim must not be dismissed because the allegations support a plausible inference that Defendant Pressley's lie to Defendant Sampson led to Plaintiff's arrest and subsequent malicious prosecution.

Here, as discussed in the introduction, supra, The FAC alleges that Defendant Sampson Defendant Sampson would not have procured the Plaintiff's subsequent arrest. In fact, Defendant would have not discovered the Plaintiff but for Defendant Pressley's singular false statement. As alleged in the FAC, Defendant Sampson

possessed no other evidence connecting the Plaintiff to the alleged theft beyond the intentional lie communicated by Defendant Pressley. (See FAC at ¶ 18). The Plaintiff was identified as the suspect solely through Defendant Sampson's reliance upon Defendant Pressley's false statement. This lie directly precipitated the Plaintiff's arrest and subsequent prosecution. The Court should pose itself a fundamental inquiry: through what means did Defendant Sampson identify the Plaintiff? Defendant Sampson's discovery of the Plaintiff resulted exclusively from Defendant Pressley's deliberate misrepresentation communicated to him—nothing more. No evidence existed suggesting the Plaintiff's potential involvement in the alleged crime. Moreover, during Defendant Sampson's investigation, he uncovered exculpatory evidence demonstrating the Plaintiff's innocence. North Carolina's Supreme Court has articulated the essential elements of malicious prosecution in criminal matters with consistent precision: the plaintiff must establish that the defendant initiated, procured, or participated in a criminal prosecution, acted with malice and absent probable cause, and that the proceeding concluded unfavorably to the defendant or otherwise terminated in the plaintiff's favor, Turner v. Thomas, 369 N.C. 419 (N.C. 2016); Cook v. Lanier, 267 N.C. 166, 147 S.E.2d 910 (N.C. 1966). The Court of Appeals has adopted this identical four-element framework in subsequent decisions, including Braswell v. Medina, 805 S.E.2d 498, 255 N.C. App. 217 (N.C. App. 2017) and Strickland v. Hedrick, 194 N.C. App. 1 (N.C. App. 2008).

North Carolina law does not mandate that the defendant personally execute a warrant or file charges. Rather, a private individual may satisfy the initiation requirement by procuring or participating in the prosecution, with case law emphasizing substantive causation over formal procedural requirements, Lopp v. Anderson, 251 N.C. App. 161 (N.C. App. 2016); Williams v. Kuppenheimer Mfg. Co., Inc., 105 N.C. App. 198 (N.C. App. 1992). Specifically, where the prosecution would likely not have proceeded absent the defendant's involvement, North Carolina courts deem the matter appropriate for jury determination. Id.

A. Malice may be inferred by Defendant Pressley's intentional lying to Defendant that she observed the Plaintiff at the store on May 20, 2024.

Under the probable-cause formulation described in Strickland, a person who intentionally lies about identity generally cannot claim an objectively or honestly grounded basis for the charge. Likewise, intentional lying readily supports malice, because malice may be inferred from knowingly setting in motion a baseless criminal case, especially through falsification. Braswell v. Medina, 255 N.C. App. 217 (N.C. App. 2017).

## II. The intervening acts of a grand jury have never been enough to defeat an otherwise viable malicious prosecution claim, whether or not the grand jury votes a true bill or even returns an indictment

The intervening acts of a grand jury have never been enough to defeat an otherwise viable malicious prosecution claim, whether or not the grand jury votes a

true bill or even returns an indictment ultimately determined to be deficient as a matter of law. *White v. Frank*, 855 F.2d 956, 961-62 (2d Cir. 1988). Here the fact that warrant was taking out on the Plaintiff by Defendant Sampson does not immune Defendant Pressley from liability of malicious prosecution claim because she initiated, procured, or participated in a criminal prosecution, acted with malice and absent probable cause and that the proceeding concluded unfavorably to the defendant or otherwise terminated in the Plaintiff's favor.

**III.** Advance Auto Parts is liable under a respondeat superior theory for torts arising from a wrongful arrest or malicious prosecution because Defendant Pressley acted in the course and scope of her employment

North Carolina law support a respondeat superior theory for torts arising from a wrongful arrest or malicious prosecution when the employee acted in the course and scope of employment. Jones v. Gwynne, 312 N.C. 393, 323 S.E.2d 9 (N.C. 1984). Jones recognizes the general rule that an employer is liable for torts committed by an employee acting within the employee's authority or employment and also indicates that punitive damages may be available where the employee's conduct is willful or malicious. Paragraph 65 of the FAC reads as follow:

> *At the time of the complained incident Defendant Pressley was acting within the scope of his employment with Advanced Auto Parts. As such, Advanced Auto Parts is liable for the intentional acts of Defendant Pressley through the doctrines of agency, vicarious liability and respondeat superior.*

Furthermore, at the moment when Defendant Pressley contacted Defendant

Sampson and made false statements regarding the Plaintiff's return to the establishment, providing photographic evidence of the Plaintiff's automobile, Defendant Pressley was at her place of employment performing her employment duties. See FAC at ¶ 12. As stated above he the general rule that an employer is liable for torts committed by an employee acting within the employee's authority or employment. Defendant Advance Auto Parts main argument is that FAC makes almost no effort to demonstrate Defendant Pressley's allegedly wrongful actions were "committed in the course of activities that the employee was authorized to perform. However, North Carolina's basic respondeat superior rule is that an employer may be liable for an employee's tort when the act was expressly authorized, committed within the scope of employment and in furtherance of the employer's business, or later ratified, Medlin v. Bass, 327 N.C. 587 (N.C. 1990); Stanley v. Brooks, 112 N.C.App. 609 (N.C. App. 1993); Denning-Boyles v. WCES, Inc., N.C.App. 409 (N.C. App. 1996). The North Carolina Supreme Court long ago framed the inquiry as whether the employee was engaged in doing something the employee was employed or otherwise authorized to do for the employer, not simply whether the employee happened to be on duty or present at the workplace, Wegner v. Delly-Land Delicatessen, Inc., 270 N.C. 62 (N.C. 1967). Similarly, the Court explained that the test is whether the act was within the scope of employment and in prosecution of the business assigned to the employee, and it

is unnecessary to allege or prove that the employer specifically authorized the assault or other wrongful act. Clemmons v. Life Ins. Co. of Georgia, 274 N.C. 416, 163 S.E.2d 761 (N.C. 1968). Overton v. Henderson, 28 N.C.App. 699 (N.C. App. 1976) states the same principle in slightly different terms: if the employee's tortious act was a method of carrying out assigned duties, employer liability can exist even if the precise act was unlawful, unauthorized, or forbidden. Finally, It would be difficult to believe that Defendant Pressley would not be authorized to contact law enforcement if she believed someone was committing fraud. This Court could reasonably infer that notifying law enforcement to apprehend a criminal who has utilized her place of employment to perpetrate a crime would be within the scope of authorization granted by her employer Advance Auto Part. Finally, on June 23, 2025, the Gaston County District Attorney's Office dismissed all charges via nolle prosequi. Thus, the prosecution ended in the Plaintiff favor.

Therefore, Advance Auto Part motion must be denied.

**IV.** Plaintiff's claim for intentional infliction of emotional distress claim must not be dismissed.

North Carolina recognizes IIED as a tort and requires proof of three elements: extreme and outrageous conduct, intent to cause severe emotional distress (or reckless indifference to the likelihood of causing it), and actual severe emotional distress. Dickens v. Puryear, 302 N.C. 437, 276 S.E.2d 325 (N.C. 1981)

The strongest support for bringing such a claim is Turner v. Thomas, 369 N.C. 419 (N.C. 2016). Although the provided summary does not set out every factual detail, it clearly places IIED in the context of allegedly wrongful official conduct during a criminal investigation and prosecution, and it confirms that the claim could proceed. That is significant because being falsely implicated in a serious criminal matter and subjected to incarceration foreseeably risks profound emotional harm; the Supreme Court expressly indicated that foreseeability may bear on outrageousness. Thus, when lies are part of a course of conduct that causes a person to be jailed or prosecuted, North Carolina law does not categorically bar IIED. To the contrary, Turner shows such a claim is doctrinally available.

As alleged in the First Amended Complaint, the Defendants' conduct constitutes extreme and outrageous behavior. An innocent woman was falsely accused and subjected to continued prosecution despite clear evidence of her innocence. The Plaintiff suffered the loss of her employment, the dissolution of her marriage, and damage to her reputation—all as a direct result of a false accusation and a police officer's refusal to acknowledge that she was the wrong person, who instead obtained a warrant for her arrest. Such conduct represents the very definition of extreme and outrageous behavior. As alleged in the FAC the Plaintiff suffered severe emotional distress. See FAC ¶¶ 69-71.

Therefore, the Plaintiff's IIED must not be dismissed.

## CONCLUSION

At the motion to dismiss stage, the district court is required to accept all well-pleaded allegations as true and construe all reasonable factual inferences in favor of the plaintiff. In light of the foregoing allegations and authority, the Plaintiff respectfully requests that this Court deny Defendants Pressley and Advance Auto Parts' motion to dismiss in its entirety.

Respectfully submitted this 2tth day of October 2026.

**LAW OFFICES OF HARRY M. DANIELS, LLC**

/s/Harry M. Daniels
Harry M. Daniels
Georgia Bar No. 234158

4751 Best Road Suite 205
Atlanta, GA 30337
Telephone: (678) 664-8529
Fax. 800.867.5248
daniels@harrymdaniels.com

**CCL LAW OFFICE, PLLC**

/s/ Chantel Cherry-Lassiter
Chantel Cherry- Lassiter
NC Bar No. 54245

1851 W. Ehringhaus St. #126
Elizabeth City, NC 27909
Telephone: (252) 999-8380
chantelcherrylassiter@ccllaw.org

## Certificate of Service

I certify that on October 27, 2026, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will send notice to all counsel of record.