UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-cv-548-MOC-WCM

| | |
|---|---|
| **TAMARA PARKER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WILLIAM SAMPSON, et al.,**<br><br>**Defendants.** | **DEFENDANT SAMPSON'S REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

## 1. <u>PLAINTIFF'S ARGUMENT AGAINST DISMISSAL IS DEVOID OF LEGAL SUPPORT</u>

The theme of Plaintiff's Opposition is that Officer Sampson violated the Fourth Amendment because he did not interpret the lack of a ping from Plaintiff's cell phone at Advance Auto on May 20 as "contradicting" witness Pressley's unambiguous statement placing Plaintiff inside the store on that date.

> Defendant Sampson possessed knowledge of GPS evidence that substantially contradicted Defendant Pressley's identification of Plaintiff on May 20, 2024, yet disregarded such evidence. Furthermore, Defendant Sampson deliberately omitted from his warrant application the GPS data that contradicted Defendant Pressley's identification of Plaintiff on May 20, 2024.

(Doc. 34 at 8). But as Sampson pointed out in his opening Brief, GPS technology can only identify the *location of the device* being tracked, not the whereabouts of a person who owns or is associated with the device. Conveniently, Plaintiff's Opposition never addresses that point or the cited federal cases recognizing it.

Indeed, the sole premise underlying Plaintiff's claims against Sampson is that he should have disclosed the GPS data to the magistrate issuing the arrest warrant because it would have

destroyed probable cause. That argument raises the purely legal question of whether the GPS data was *material* to the issue of probable cause. *Miller v. Prince George's County, Maryland*, 475 F.3d 621, 630-31 (4th Cir. 2007) ("[I]n order to violate the Constitution, the . . . omissions must be 'material,' that is, 'necessary to the [neutral and disinterested magistrate's] finding of probable cause.' [citation] To determine materiality, a court must . . . 'insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause.' [citations] If the 'corrected' warrant affidavit establishes probable cause, no civil liability lies against the officer.").

As previously explained, the fact GPS technology did not detect a ping from Plaintiff's cell phone at Advance Auto on May 20 does not mean she did not enter the store that day either without her phone or with it turned off. That is why Pressley's unequivocal statement regarding the identity of the suspect who entered the store on May 20 asking about the shipped cell phones—and the subsequently developed connection to Plaintiff—established probable cause as a matter of law. For that reason, the lack of a ping on May 20 was simply not "material" to the issue of probable cause, and its inclusion in Sampson's warrant application would have changed nothing. Plaintiff would have it that any alternative explanation somehow destroys probable cause, but that is not the law. Indeed, the Fourth Circuit has specifically rejected the notion that "probable cause means more likely than not, [more than] 50/50," and has made it clear that "the probable-cause standard does not require that the officer's belief be more likely true than false." *U.S. v. Humphries*, 372 F.3d 653, 660 (4th Cir. 2004). *See also Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (the concept of probable cause "does not demand any showing that [an officer's] belief be correct or more likely true than false").

## 2. CONCLUSION

Plaintiff does not cite a single federal case—from anywhere—requiring or even suggesting that a police officer should discount the type of positive identification provided to Sampson by witness Pressley, which was that the female driver of a specific vehicle was the person who had repeatedly visited Advance Auto asking about the delivered cell phones, and that she returned to the store on July 20 at which time her vehicle was photographed and subsequently confirmed—*by her*—to be the vehicle she regularly drove. As the Supreme Court has *repeatedly* required whenever a police officer asserts his/her conduct did not violate clearly established law, a plaintiff must identify controlling precedent to the contrary. *Zorn v. Linton*, 607 U.S. 568, 572, 146 S.Ct. 926, 224 L.Ed.2d 400 (2026) (finding qualified immunity over the failure "'to identify a case where an officer taking similar actions in similar circumstances was held to have violated' the Constitution"); *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 6, 142 S.Ct. 4, 211 L.Ed.2d 164 (2021) ("to show a violation of clearly established law, [the plaintiff] must identify a case that put [defendant police officer] on notice that his specific conduct was unlawful"); *Wilson v. Layne*, 526 U.S. 603, 617, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (qualified immunity obtains where plaintiffs "have not brought to our attention any cases of controlling authority in their jurisdiction at the time of the incident which clearly established the rule on which they seek to rely, nor have they identified a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful"). Notwithstanding tortured and inconsistent case law within the Fourth Circuit,[1] the fact remains

---

[1] *Compare Rambert v. City of Greenville*, 107 F.4th 388, 398 (4th Cir. 2024) ("whether the right at issue was 'clearly established' at the time of the events in question" is an issue for which "[t]he officer bears the burden" of proof) with *Cybernet, LLC v. David*, 954 F.3d 162, 169 (4th Cir. 2020) ("Specifically, to defeat a qualified immunity defense, a plaintiff must show that '(1) the defendant violated the plaintiff's constitutional rights, and (2) the right in question was clearly established at the time of the alleged violation.'") and *Safar v. Tingle*, 859 F.3d 241, 247 (4th Cir. 2017) (finding qualified immunity after noting "what plaintiffs fail to do is 'identify a case where an officer acting under similar circumstances ... was held to have violated the Fourth Amendment'").

the Supreme Court makes it *the plaintiff's job* to come forward with clearly established case law prohibiting an officer's conduct. *Davis v. Scherer*, 468 U.S. 183, 197, 104 S.Ct. 3012, 82 L.Ed. 2d 139 (1984) ("A plaintiff who seeks damages for violation of constitutional or statutory rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue.").

Similarly, the lack of any pleaded *facts*—as opposed to argument—that even remotely suggest Sampson acted with malice, requires dismissal of the state law claims as well. Therefore, whether on the merits, or on the bases of qualified immunity and public official immunity, the FAC fails to state actionable claims against Sampson, and he remains entitled to dismissal as a matter of law.

Dated: October 30, 2026

/s/Scott D. MacLatchie
Scott D. MacLatchie
North Carolina Bar No. 22824
Hall Booth Smith, P.C.
11215 N. Community House Rd., Ste. 750
Charlotte, North Carolina 28277
Telephone No. (980) 949-7820
smaclatchie@hallboothsmith.com
*Attorney for Defendant William Sampson*