**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:26-cv-548**

| | | |
|---|---|---|
| TAMARA PARKER,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM SAMPSON, individually; ADVANCE STORES COMPANY, INC.; d/b/a ADVANCED AUTO PARTS STORE; and OLIVIA PRESSLEY, individually,<br><br>Defendants. | ) | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT ADVANCE STORES COMPANY, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT** |

Pursuant to Local Rule 7.1(e), Defendant Advance Stores Company, Incorporated ("AAP")[1] submits this Reply in further support of its Motion to Dismiss Plaintiff's Amended Complaint and in response to Plaintiff's Brief in Opposition (Dkt. No. 36, "Pl. Opp.").

Plaintiff's Brief in Opposition contends in conclusory fashion that AAP's arguments for dismissal "fall substantially short and warrant rejection by this Court." But nothing in the Brief in Opposition meaningfully refutes the arguments that AAP advanced in support of its Motion to Dismiss. The Brief in Opposition does not point to factual allegations in the Amended Complaint that cure the deficiencies AAP identified, and, in several respects, does not respond to AAP's arguments at all.

[1] Advance Stores Company, Incorporated, which is a wholly owned subsidiary of Advance Auto Parts, Inc., is the proper entity; however, Advance Stores Company, Incorporated does not "do business as Advanced [sic] Auto Parts Store." To avoid confusion and maintain consistency with undersigned counsel's prior filings, this Reply continues to refer to Defendant Advance Stores Company, Incorporated as "AAP."

Instead, Plaintiff's Brief in Opposition underscores the Amended Complaint's shortcomings. Often unclear and confusing, the Brief in Opposition attempts to survive dismissal by raising and relying on factual assertions that appear nowhere in the Amended Complaint or simply reciting the bare elements of Plaintiff's claims without more, ultimately advancing positions that are inconsistent both with one another and with the Amended Complaint itself.

For these reasons, and those set forth in AAP's Memorandum in Support of its Motion to Dismiss, AAP respectfully requests that the Court dismiss Plaintiff's claims against AAP with prejudice.

## ARGUMENT

## I. PLAINTIFF HAS NOT PLED A VALID MALICIOUS PROSECUTION CLAIM

In her Brief in Opposition, Plaintiff fails to address AAP's arguments that the Amended Complaint contains no factual allegations to support her malicious prosecution claim. Instead, Plaintiff improperly introduces new and unpled facts; restates vague allegations that do nothing to validate her claim; and simply repeats in conclusory fashion, without adequate factual support, that Olivia Pressley was acting within the scope of her employment. Her failures warrant dismissal.

### A. Plaintiff's Allegations Do Not State a Claim for Malicious Prosecution.

1) Plaintiff Makes No Adequate Allegations to Support Initiation of a Criminal Proceeding.

To survive AAP's Motion to Dismiss her malicious prosecution claim, Plaintiff must allege facts showing that Ms. Pressley initiated a criminal proceeding against her. *See Seguro-Suarez v. Key Risk Ins. Co.*, 261 N.C. App. 200, 211 (2018). In an attempt to avoid dismissal, Plaintiff in her Brief in Opposition repeatedly argues that Officer Sampson relied ***solely*** on Ms. Pressley's "singular false statement." (Pl. Opp. pp. 2–4.) Yet nowhere does Plaintiff actually identify this "singular false statement."

The Amended Complaint alleges, at best, that Ms. Pressley (1) falsely alleged that a "black female had entered the store" to retrieve stolen phones, (2) provided a photograph of Plaintiff's license plate, and (3) falsely claimed that the photograph was taken on May 20, 2024. (Mem. in Supp. p. 6 (citing Am Compl. ¶¶ 12–13, 56–57).) Plaintiff's Brief in Opposition does not address the fact that the Amended Complaint alleges nothing about Plaintiff's race; nor does it explain how any of the alleged statements are false, much less how Ms. Pressley allegedly knew any such statements were false.

Rather than address any of these deficiencies or cite to actual allegations from her Amended Complaint, Plaintiff conceives new allegations in her Brief in Opposition. In fact, the ***only*** description in the Brief in Opposition of the alleged "singular false statement" is Plaintiff's new contention that Ms. Pressley "made false statements regarding the Plaintiff's return to the establishment." (Pl. Opp. pp. 6–7.) This single basis of support must be ignored as a matter of law, as no such allegation appears in the Amended Complaint. *See M.B. v. Triangle Math & Sci. Acad. Bd. of Dirs.*, No. 5:24-CV-664-FL, 2025 U.S. Dist. LEXIS 143067, at *6 (E.D.N.C. July 25, 2025) (rejecting the plaintiff's attempt to amend her complaint by way of her brief in opposition).

Plaintiff further asserts in her Brief in Opposition that Officer Sampson "***possessed no other*** evidence connecting the Plaintiff to the alleged theft beyond the intentional lie communicated by Defendant Pressley," and that Plaintiff "was identified as the suspect ***solely*** through Defendant Sampson's reliance upon Defendant Pressley's false statement." (*Id.* at pp. 2–4 (emphasis added).) ***Neither*** of these assertions appear in the Amended Complaint, and Plaintiff is not permitted to use her Brief in Opposition to conjure new allegations not found in her Amended Complaint. *See Tisdale v. Enter. Leasing Co.-Southeast, LLC*, No. 3:13CV221-MU, 2013 U.S. Dist. LEXIS 88878, at *5–6 n.2 (W.D.N.C. June 25, 2013) ("[A] court reviewing a complaint under

Rule 12(b)(6) does not consider factual matters included only in legal briefs and memoranda and not included in the complaint.”).

In addition to being improper and of no moment in the dismissal analysis, Plaintiff’s new assertions that Officer Sampson relied ***solely*** on Ms. Pressley and had ***no*** other evidence are directly contradicted by the allegations in her Amended Complaint. The Amended Complaint alleges that Officer Sampson lacked “financial records, physical evidence, digital evidence, computer or cell phone evidence” tying Plaintiff to the crime (Am. Compl. ¶ 18), but that allegation does not establish that he had no other evidence, much less that he relied exclusively on Ms. Pressley. To the contrary, the Amended Complaint alleges that Officer Sampson spoke with the fraud victim; talked with unnamed employees at the Advance Auto Parts store in Dallas, North Carolina (the “Store”), who told him a black female who had visited the Store on multiple occasions had been inquiring about the status of a package delivery, and that they expected her to return; independently traced Plaintiff’s license plate to her address; observed Plaintiff in her vehicle; prepared, secured, and executed a search warrant for Plaintiff’s residence, during which he seized three cell phones and a laptop; and reviewed GPS data from Plaintiff’s cell phone—all before seeking arrest warrants. (Am. Compl. ¶¶ 9–18.)[2] In light of these allegations, the Amended Complaint does not plausibly allege that Ms. Pressley initiated the criminal proceeding against Plaintiff, and her malicious prosecution claim fails for this reason alone.

---

[2] Indeed, the Brief in Opposition emphasizes that during his investigation, Officer Sampson “uncovered exculpatory evidence demonstrating the Plaintiff’s innocence,” and that Plaintiff was prosecuted “despite clear evidence of her innocence.” (Pl. Opp. pp. 4, 9; *see also* Am. Compl. ¶¶ 17–18.) That Officer Sampson gathered and weighed evidence beyond whatever Ms. Pressley provided—then made a decision to charge and arrest Plaintiff—only confirms that he was not relying solely on whatever he received from Ms. Pressley. The decision to seek arrest warrants was his own, uncoupled from Ms. Pressley’s alleged involvement.

2) Plaintiff Does Not Allege Facts to Support Malice, Further Warranting Dismissal.

Plaintiff fares no better regarding the required malice element of her malicious prosecution claim. Plaintiff's Brief in Opposition devotes ***just two sentences*** to malice, which merely state the bare legal conclusion that Ms. Pressley was "intentionally lying." (Pl. Opp. p. 5.) But saying so does not make it a fact. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) ("[S]tatements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim."). Plaintiff's Brief in Opposition identifies no factual allegation in the Amended Complaint tending to ***show*** malice—simple conclusory labels are not enough.[3] Plaintiff has failed to adequately dispute that her Amended Complaint does not allege facts sufficient to state a claim of malicious prosecution.

**B. Plaintiff Cannot Establish AAP's Liability.**

Even if Plaintiff's malicious prosecution claim could proceed in some fashion (it cannot), she offers no basis for holding AAP liable. Doubling down on the losing strategy of pleading through briefing, Plaintiff's Brief in Opposition attempts to manufacture respondeat superior liability for AAP by again asserting facts not alleged in the Amended Complaint and relying on bare legal conclusions.

Plaintiff's Brief in Opposition asserts that Ms. Pressley, at the time of her allegedly tortious actions, "was at her place of employment performing her employment duties." (Pl. Opp. p. 7 (citing Am. Compl. ¶ 12).) No such allegation appears in the Amended Complaint, which alleges only

---

[3] Plaintiff's Brief in Opposition offers no response to AAP's arguments that the Amended Complaint fails to allege (1) that Ms. Pressley acted without probable cause, and (2) that Plaintiff did not secure the *nolle prosequi* by way of compromise, thus failing to establish the criminal proceeding ended in her favor. (Mem. in Supp. pp. 10–11.)

that Ms. Pressley was acting "within the scope of her employment and during her work hours." (Am. Compl. ¶ 12.) The Amended Complaint does not allege that Ms. Pressley was present at the Store or performing any assigned duty when Officer Sampson purportedly "received communication" from her. And Plaintiff cannot amend via briefing, as arguments in a brief cannot substitute for allegations missing from the operative complaint. *See Tisdale*, 2013 U.S. Dist. LEXIS 88878, at *5–6 n.2.

The Brief in Opposition also suggests that Ms. Pressley contacted law enforcement because she "believed someone was committing fraud," and asks the Court to "reasonably infer" that contacting law enforcement was within the scope of Ms. Pressley's authority and employment. (Pl. Opp. p. 8.) What Plaintiff asks of this Court is improper. The Amended Complaint contains no allegations about Ms. Pressley's belief and alleges no fact—even on information and belief—about Ms. Pressley's job duties or any AAP policy authorizing her to report suspected crimes or to assist law enforcement engaged in an ongoing investigation. Again, these unpled factual allegations should be disregarded. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 449 (4th Cir. 2011)) ("[S]tatements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion."); *Tisdale*, 2013 U.S. Dist. LEXIS 88878, at *5–6 n.2.

Beyond unpled "facts," the Brief in Opposition merely recites the elements of respondeat superior liability, citing a string of authorities for the general rule that an employer may be liable for torts its employee commits within the scope of employment. (Pl. Opp. pp. 6–8.) Tellingly, Plaintiff does not connect that general rule to any factual allegation in the Amended Complaint. The only allegation that the Brief in Opposition identifies—that Ms. Pressley "was acting within

the scope of his [sic] employment with Advanced [sic] Auto Parts" (Am. Compl. ¶ 65)—is a legal conclusion the Court need not accept. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.").

In short, where the Brief in Opposition responds at all to AAP's arguments, it simply declares AAP's liability without more. (Pl. Opp. pp. 3–8.) Such conclusions are not entitled to the Court's acceptance, *see E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000), and Plaintiff's failure to engage with AAP's arguments amounts to a concession that the Amended Complaint fails to state a malicious prosecution claim against AAP. *See Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) (concluding that by failing to respond to an argument advanced by the defendant, "Plaintiff concede[d] the point").

## II. PLAINTIFF'S IIED CLAIM ALSO SHOULD BE DISMISSED

AAP's arguments in support of dismissal of the IIED claim against it are unchallenged, warranting dismissal with prejudice. Plaintiff's Brief in Opposition makes no attempt to salvage her IIED claim; in fact, the IIED section of her brief ***does not mention*** AAP or Ms. Pressley. (Pl. Opp. pp. 8–9.) At most, the Brief in Opposition characterizes as "extreme and outrageous" a "police officer's refusal to acknowledge that [Plaintiff] was the wrong person, who instead obtained a warrant for her arrest"—conduct attributed to Officer Sampson, not to AAP or Ms. Pressley. (*Id.*) Neither the Amended Complaint nor the Brief in Opposition identifies conduct by AAP or Ms. Pressley that could satisfy the extreme-and-outrageous standard required to state a claim for IIED.

Beyond the conduct attributed to Officer Sampson, the Brief in Opposition offers only bald, conclusory statements and recites the elements of an IIED claim, and it offers no basis on which any such conduct could be imputed to AAP. Any attempt to hold AAP vicariously liable for Ms. Pressley's alleged conduct fails for the same reasons discussed in Section I.B, *supra*: the Amended Complaint alleges no facts placing such conduct within the scope of Ms. Pressley's employment. Plaintiff's Brief in Opposition makes no attempt to remedy or explain Plaintiff's fatal flaw.

As with the malicious prosecution claim, a conclusory recitation of elements—untethered to any factual allegation concerning AAP or Ms. Pressley—cannot satisfy the applicable pleading standard and is not entitled to the Court's acceptance. *See E. Shore Mkts.*, 213 F.3d at 180; *Aziz*, 658 F.3d at 391.

## CONCLUSION

For the foregoing reasons, and for all the reasons set forth in AAP's Memorandum in Support, AAP respectfully requests that the Court grant its Motion and dismiss all of Plaintiff's claims against AAP with prejudice.

This the 3rd day of November, 2026.

*/s/ Jacqueline Y. Ferrell*
Mark A. Nebrig (N.C. Bar No. 28710)
Jacqueline Y. Ferrell (N.C. Bar No. 27646)
Rashaad B. Hamilton (N.C. Bar No. 58275)
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
Telephone: (704) 331-1000
marknebrig@mvalaw.com
jacquelineferrell@mvalaw.com
rashaadhamilton@mvalaw.com
***Attorneys for Defendant***
***Advance Stores Company, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT ADVANCE STORES COMPANY, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties and counsel of record, including the following:


Chantel Cherry-Lassiter
N.C. Bar No. 54245
1851 W. Ehringhaus St. # 136
Elizabeth City, NC 27909
Telephone: (252) 999-8380
Email: chantelcherrylassiter@ccllaw.org

Harry M. Daniels
GA Bar No. 234158 (PHV granted)
4751 Best Road, Suite 205
Atlanta, GA 30337
Telephone: (678) 664-8529
Email: daniels@harrymdaniels.com

David Goldberg
N.C. Bar No. 49229
P.O. Box 1578
Gastonia, NC 28053-1578
Telephone: (704) 866-3227
Email: David.Goldberg@gastongov.com

Scott MacLatchie
N.C. Bar No. 22824
HALL BOOTH SMITH, P.C.
11215 N Community House Road, Suite 750
Charlotte, NC 28277
Telephone: (980) 859-0380
Email: smaclatchie@hallboothsmith.com

Jonathon D. Townsend
N.C. Bar No. 51751
WAGNER HICKS PLLC
831 E. Morehead Street, Suite 860
Charlotte, North Carolina 28202
Telephone: (704) 705-8311
Email: Jonathon.townsend@wagnerhicks.law

This the 3rd day of November, 2026.

*/s/ Jacqueline Y. Ferrell*