**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| Tamara Parker,<br><br>Plaintiff,<br><br>vs.<br><br>William Sampson, individually; Advance Stores Company, Inc; d/b/a Advanced Auto Parts Store; Olivia Pressley, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-cv-00548-MOC-MTO |

**DEFENDANT OLIVIA PRESSLEY'S REPLY
IN SUPPORT OF HER MOTION TO DISMISS AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1, Defendant Olivia Pressley ("Pressley") submits this Reply in support of her Motion to Dismiss all claims against her in the Amended Complaint filed by Plaintiff Tamara Parker ("Plaintiff") (Doc. No. 23, the "Amended Complaint" or "Am. Compl."), and in response to Plaintiff's Memorandum of Law in Opposition to Defendants Olivia Pressley's and Advanced Auto Parts Store's Motion to Dismiss the Plaintiff's First Amended Complaint (Doc. No. 36, the "Opposition" or "Opp.").[1] For the reasons described in Pressley's opening brief (Doc. No. 30, the "Brief") and below, all of Plaintiff's claims against Pressley should be dismissed with prejudice.

[1] Plaintiff also filed a non-substantive "response in opposition" to the motions to dismiss, (Doc. No. 35), which Pressley has not directly addressed as it does not appear to be a response as contemplated by Local Rule 7.1(e).

## INTRODUCTION

Plaintiff sued Pressley, a former retail employee whom Plaintiff does not allege she had ever met. Pressley's opening brief showed that Plaintiff's claims fail as a matter of law. The Opposition does nothing to change that. It does not even directly address *N.C. Farm Bureau Mutual Insurance Company v. Cully's Motorcross Park*, 366 N.C. 505 (2013) ("*Cully's Motorcross*"), the controlling North Carolina Supreme Court decision on a malicious prosecution claim against a private person that Pressley relied on in her opening brief. Plaintiff's claims rest on threadbare allegations about a photograph Pressley furnished to Defendant William Sampson ("Officer Sampson"), and the Opposition asks the Court to make logical leaps that Plaintiff's own allegations do not support.

Both of Plaintiff's claims against Pressley, for malicious prosecution and intentional infliction of emotional distress ("IIED"), rest on the unsupported allegation that Pressley "intentionally lie[d]" to Officer Sampson about Plaintiff's presence at the Advance Auto Parts store where Pressley worked (the "Store"), when Pressley provided a photograph of Plaintiff's license plate to Officer Sampson. As in her Amended Complaint, Plaintiff never explains *why* Pressley would furnish a May 16, 2024, photograph of a stranger's vehicle but then intentionally misrepresent that the picture was taken on May 20. Nor does Plaintiff explain why the date, rather than Plaintiff's admitted presence at the Store, mattered to Officer Sampson's decision to investigate and prosecute her. It did not. On Plaintiff's own allegations, Pressley furnished a photograph of a license plate belonging to Plaintiff's vehicle. Whatever

the date, that information is what supposedly led Officer Sampson to confirm that the vehicle was associated with Plaintiff's address and "proceed[] to Plaintiff's last known residence." (Am. Compl. ¶ 15.)

From there, Officer Sampson acted on his own. Only after running the plate and observing Plaintiff at her home did he decide to seek a search warrant. (Am. Compl. ¶ 15.) And only after the search supposedly produced exculpatory evidence disproving Pressley's alleged account did Officer Sampson obtain arrest warrants. (Am. Compl. ¶¶ 16-18.) These independent acts separate Officer Sampson's conduct from Pressley's lawful report and insulate Pressley from liability. Plaintiff also does not, and cannot, allege malice. Her own Opposition posits that Pressley contacted police because she "believed someone was committing fraud." (Opp. at 8.) And Plaintiff's alleged "extreme emotional distress" rests on the same untenable malicious prosecution theory.

Pressley is a private citizen whom police asked for help in an ongoing criminal investigation. She did her civic duty by furnishing a photograph to Officer Sampson after he visited the Store requesting information. Allowing Plaintiff's claims to proceed on these sparse allegations would be improper under controlling law and would chill good-faith reporting.

## <u>ARGUMENT</u>

### I. THE ALLEGED "LIE" DOES NOT OVERCOME THE PROTECTION FOR THOSE WHO REPORT CRIMINAL CONDUCT RECOGNIZED IN *CULLY'S MOTORCROSS*.

Pressley's Brief showed that "but-for" causation no longer governs malicious prosecution claims and that Pressley's alleged conduct falls within the privilege

recognized in *Cully's Motorcross*. (Brief at 8-17.) The Opposition nonetheless rests largely on the Amended Complaint's but-for theory that Pressley's communications with Officer Sampson set off an unbroken chain of events ending in Plaintiff's investigation and prosecution. (Opp. at 3-6.) Plaintiff also relies on *White v. Frank*, 855 F.2d 956, 961-62 (2d Cir. 1988), which addressed a grand jury indictment that rested on knowingly and maliciously false testimony. *Id. White* is inapposite because the allegations here (not to mention the actual facts) are very different. Plaintiff does not allege that Pressley gave false testimony to a grand jury to secure an indictment. She alleges that Pressley submitted a photograph to Officer Sampson, at his request, and that there was supposedly a misunderstanding as to the date of the photograph, which Officer Sampson later clarified through his investigation.

Tellingly, the Opposition never cites or directly addresses *Cully's Motorcross* or Restatement (Second) of Torts § 653, Comment g. Instead, Plaintiff argues that Officer Sampson "would have not discovered the Plaintiff but for Defendant Pressley's singular false statement," (Opp. at 3), and that a private person initiates a prosecution when "the prosecution would likely not have proceeded absent the defendant's involvement," (*id*. at 5.) That is the very "but for" test the Supreme Court of North Carolina rejected because it fails to "account for the roles played by police and prosecutorial discretion." *Cully's Motorcross*, 366 N.C. at 513-15. Plaintiff's failure to engage the controlling standard is itself reason to grant the motion.

Even if Plaintiff was not at the Store on May 20, Plaintiff alleges that Pressley submitted pictures of Plaintiff's registration tag to Officer Sampson for his ongoing

investigation. (*See, e.g.*, Am. Compl. ¶¶ 11-18.) Plaintiff alleges no other motive for taking the photograph. The only plausible inference from the allegations is that Pressley provided the photograph in response to Officer Sampson's request as part of his ongoing investigation.

Plaintiff further alleges that Officer Sampson later obtained GPS data undermining Pressley's identification—data that Plaintiff alleges "definitively confirmed" that Plaintiff was not at the Store on May 20—yet he proceeded with her arrest and prosecution. (Am. Compl. ¶¶ 17-18, 45.) Nothing in the Amended Complaint permits an inference that Officer Sampson based any later warrant, proceeding, or decision on the *date* Plaintiff was in the Store. To the contrary, Plaintiff alleges that Officer Sampson drove the investigation and prosecution after exculpatory evidence "irrefutably demonstrated that the Plaintiff was not in proximity to the Advanced Auto Parts store on May 20, 2024, contrary to what Defendant Pressley reported to Defendant Sampson." (Am. Compl. ¶ 17; *see also* ¶ 37 ("[t]he acts or omissions of Defendant Sampson were the moving force behind Plaintiff's malicious prosecution and injuries").)

This is not a case in which "it is unlikely there would have been a criminal prosecution of [a] plaintiff" except for the efforts of a defendant. *Lopp v. Anderson*, 251 N.C. App. 161, 175 (2016). Pressley simply gave Officer Sampson a photograph of a license plate that belonged to Plaintiff's vehicle. "The act of giving honest assistance and information to prosecuting authorities does not render one liable for malicious prosecution." *Williams v. Kuppenheimer Mfg. Co.*, 105 N.C. App. 198, 201

(1992) (finding question of fact only where prosecution relied solely on documents provided by defendant employer and police did little independent investigation). *Williams* also predates *Cully's Motorcross* by more than two decades and applied the "but for" framework that decision displaced. Here, by contrast, Plaintiff alleges extensive independent investigation by Officer Sampson and that "during Defendant Sampson's investigation, he uncovered exculpatory evidence demonstrating the Plaintiff's innocence." (Opp. at 4.)

*Plaintiff herself* alleges that Officer Sampson independently researched the vehicle registration, went to Plaintiff's residence, and observed her before he prepared and obtained a search warrant. (Am. Compl. ¶ 15.) He then searched her home, seized devices, interviewed her, and reviewed her cellphone GPS data. (Am. Compl. ¶¶ 16-18.) Only then, purportedly knowing that the GPS data refuted that Plaintiff was at the Store on May 20, did Officer Sampson exercise his discretion to seek arrest warrants. (Am. Compl. ¶¶ 18, 29.) Indeed, on Plaintiff's allegations, Pressley did not even prompt the investigation as it was already underway. (Am. Compl. ¶ 11.)

Although Plaintiff suggests that Pressley "lied" about the date, her allegations only show that Pressley furnished a photograph of a license plate parked at the Store after Officer Sampson visited the Store as part of his investigation. (*See* Am. Compl. ¶¶ 12-13.) That kind of help with an ongoing police investigation is exactly what the North Carolina Supreme Court adopted Restatement (Second) of Torts § 653, Comment g, to protect. *See, e.g.*, *Cully's Motorcross*, 366 N.C. at 513–14.

The mistaken date on which Plaintiff hangs her claim was immaterial to Officer Sampson's decisions to investigate and to seek warrants. It did not impair the "intelligent exercise of the officer's discretion," so it does not trigger the rationale behind Comment g's "knowingly false" exception. Restatement (Second) of Torts § 653 cmt. g (1977); *see also* Brief at 8-18. Any other result would subvert North Carolina's policy of allowing "citizens to make reports in good faith to police and prosecutors without fear of retaliation if the information proves to be incomplete or inaccurate." *Cully's Motorcross*, 366 N.C. at 513–14.

Ultimately, the Amended Complaint does not plead a knowing, malicious liar. At most, it describes a citizen who provided a photograph to police as part of an ongoing investigation and may have unwittingly created some confusion about the date of the photograph, but the date was immaterial to Officer Sampson's continuing investigation. Severed from Plaintiff's investigation and prosecution by Officer Sampson's independent acts, that communication cannot support a malicious prosecution claim.

## II. PLAINTIFF'S MALICIOUS PROSECUTION CLAIM ALSO FAILS BECAUSE SHE DOES NOT PLAUSIBLY ALLEGE MALICE.

To state a malicious prosecution claim against Pressley, Plaintiff must plausibly allege malice, meaning Pressley was "motivated by personal spite and a desire for revenge or that defendant acted with reckless and wanton disregard for plaintiffs' rights." *Braswell v. Medina*, 255 N.C. App. 217, 229 (2017). Plaintiff argues that malice can be inferred from Pressley's alleged "lying" to Officer Sampson. (Opp. at 5.) Neither the alleged "lie" nor Plaintiff's allegations generally support that

inference. Plaintiff does not dispute that she was at the Store or that her license plate was photographed there. (*See* Am. Compl. ¶¶ 12, 16, 56.) The only "lie" she suggests concerns the date. Plaintiff admits she was in the Store on May 16, 2024, but alleges that Pressley claimed a photograph was taken on May 20 when it was actually captured on May 16. (Am. Compl. ¶¶ 12-13; 56-57.)[2]

Whether Plaintiff was in the Store on May 16 or May 20, the Amended Complaint alleges that Store employees had already described a person asking about the cellphones and that Pressley furnished a photograph of Plaintiff's license plate captured on May 16, 2024. (*See* Am. Compl. ¶¶ 11-12.) Plaintiff alleges no reason Pressley would furnish a photograph of a stranger's vehicle and intentionally misrepresent "that the pictures were taken on May 20, 2024." (Am. Compl. ¶ 13.) That photograph led Officer Sampson to Plaintiff's home, and the home visit led to her investigation and prosecution. (Am. Compl. ¶¶ 11-15.)

Plaintiff alleges no motive, no personal animus, and not even a personal relationship with Pressley. Without those facts, Plaintiff cannot plausibly allege that any misstatement was malicious or even intentional. *See, e.g.*, *Annappareddy v. Lating*, 2023 WL 6538392, at *29 (D. Md. Aug. 3, 2023) (malice requires defendants acted with a motive "other than that of bringing an offender to justice"); *Underwood*,

[2] Plaintiff's claims depend on proof that Pressley knowingly, intentionally, and maliciously made false statements to Officer Sampson. *Underwood v. Ordonez*, 245 N.C. App. 132, at *5 (2016) (unpublished) (exception to Comment g's protection is false statements that deprive an officer of his or her intelligent exercise of discretion). If Pressley simply sent the May 16, 2024, photograph to Officer Sampson on May 20, 2024, without indicating when the photo was taken or when the identification was made, there is no "lie" and no exception to Comment g.

245 N.C. App. 132, at *3 (same).

The Opposition also tries to supply facts the Amended Complaint lacks. It asserts that "Plaintiff was identified as the suspect solely through Defendant Sampson's reliance upon Defendant Pressley's false statement" and that Officer Sampson "possessed no other evidence connecting the Plaintiff to the alleged theft beyond the intentional lie communicated by Defendant Pressley." (Opp. at 2, 4-5 (citing Am. Compl. ¶ 18).) But the Amended Complaint alleges only that Pressley reported that an unnamed "black female" came to the Store and sent a photograph of a license plate (Am. Compl. ¶¶ 12-13), and paragraph 18 says nothing about Pressley; it alleges only what evidence Officer Sampson lacked. Plaintiff may not amend her (already) Amended Complaint through an opposition brief. *See Perkins v. Gaston Cnty. Bd. of Educ.*, 2024 WL 4274884, at *3 (W.D.N.C. Sept. 24, 2024). The Court should evaluate the Amended Complaint as pleaded, not as recharacterized.

Nor can Plaintiff establish malice by relabeling her knowledge allegation. Her only malice theory is that a knowing lie supports an inference of malice. (Opp. at 5.) A knowingly false accusation may, in some circumstances, evidence "reckless and wanton disregard" of a plaintiff's rights, but that theory rises or falls with the knowledge allegation. And Plaintiff offers only a bare recital, unsupported by any fact. She alleges no motive, no relationship, no prior contact, and no explanation of how Pressley would have known the license plate in the photograph belonged to anyone in particular. (Am. Compl. ¶¶ 12-13, 57.) When the only allegation of malice is a conclusory allegation of knowledge, malice fails with it. *See Mayfield v. Nat'l Ass'n*

*for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377-78 (4th Cir. 2012) (allegations that statements "were known by [them] to be false at the time they were made, were malicious or were made with reckless disregard" are "entirely insufficient").

Malice *can* sometimes be inferred from a lack of probable cause, but Plaintiff does not allege that Pressley lacked probable cause; she alleges only that *Officer Sampson* did. (Am. Compl. ¶¶ 33, 48.) In any event, the inference is permissive, and it should not be drawn where the *only* allegation is a purportedly misstated date. *See Glenpeace, LLC v. City of Raleigh*, 2026 WL 2086196, at *16 (E.D.N.C. Feb. 9, 2026) (noting that where plaintiffs did not allege facts permitting an inference of wantonness and willfulness, malicious prosecution claim must be dismissed as a matter of law); *Annappareddy*, 2023 WL 6538392, at *29 n.37 (noting permissive nature of inference).[3] Without plausible allegations of malice, Plaintiff's malicious prosecution claim against Pressley must be dismissed. *See Mathis v. Dowling*, 230 N.C. App. 311, 316 (2013) (finding no evidence of malice because, among other things, the defendant only became involved at the request of a detective and did not pursue the criminal investigation).

## III. PLAINTIFF DOES NOT MEANINGFULLY RESPOND TO THE DEFICIENCY IN HER FAVORABLE-TERMINATION ALLEGATIONS.

Plaintiff answers Pressley's favorable-termination argument in a single sentence: the charges were dismissed by *nolle prosequi*, and "[t]hus, the prosecution

[3] In *Braswell*, the inference case Plaintiff cites, malice rested on allegations not only that officers lacked probable cause to believe the plaintiff guilty but that they "also concealed and fabricated evidence in order to cause him to be prosecuted for that offense." *Braswell*, 255 N.C. App. at 229.

ended in the Plaintiff['s] favor." (Opp. at 8.) That restates her pleading, but it does not respond to Pressley's argument. Pressley does not contend that a *nolle prosequi* can never be a favorable termination. Instead, Pressley's narrower point is that the Amended Complaint pleads only the fact of dismissal, not its circumstances, leaving the Court to guess whether the dismissal resulted from a compromise or other arrangement that would defeat the claim. (*See* Brief at 19-20.) When a plaintiff fails to address an argument in a motion to dismiss, the court may treat that argument as uncontested. *Zhang v. United Health Grp., Inc.*, 2024 WL 3576456, at *8 (W.D.N.C. June 28, 2024), *report and recommendation adopted*, 2024 WL 3571740 (W.D.N.C. July 29, 2024), *adhered to on reconsideration*, 2024 WL 3643257 (W.D.N.C. Aug. 1, 2024) (citing *Bigelow Corp. v. Hounds Town USA, LLC*, 2023 WL 4939386, at *3 (W.D.N.C. Aug. 2, 2023); *Georgion v. Bank of Am. Corp.*, 2023 WL 6053079, at *4 (W.D.N.C. Aug. 29, 2023), *report and recommendation adopted*, 2023 WL 6051460 (W.D.N.C. Sept. 15, 2023) (citing cases)). Pressley asks the Court to do so here. In any event, because Plaintiff's claim fails on the initiation and malice elements, the Court need not reach this one.

## IV. PLAINTIFF'S IIED CLAIM FAILS AS A MATTER OF LAW.

Plaintiff's IIED claim against Pressley arises from the same reporting allegations and fails for similar reasons. Most fundamentally, Plaintiff cannot show extreme and outrageous conduct as a matter of law. *Chidnese v. Chidnese*, 210 N.C. App. 299, 317 (2011) ("The determination whether conduct rises to the level of extreme and outrageous behavior is a question of law").

Plaintiff's authority is again readily distinguishable. In *Turner v. Thomas*, 369

N.C. 419, 428 (2016), the Court found extreme and outrageous conduct where agents willfully manipulated blood-stain evidence in a murder investigation, repeating experiments until they got the result they wanted to rebut a claim of self-defense, and then altered the forensic report to reflect the manipulated evidence while representing it as the original report. *Turner* involved deliberate, sustained fabrication of forensic evidence by state agents. It does not hold that a single communication from a private citizen to an investigating officer can be extreme and outrageous. Plaintiff's other case, *Dickens v. Puryear*, 302 N.C. 437, 455 (1981), is even more remote. The conduct there consisted of repeated assaults followed by death threats.

Plaintiff asserts only that her claim is "doctrinally available" and makes no attempt at comparison. (Opp. at 9.) Rather than address Pressley's conduct, she focuses on its alleged results, including prosecution, loss of her job, the end of her marriage, and damage to her reputation. (*See id.*) The job-loss and marriage allegations appear nowhere in the Amended Complaint and should be disregarded. *See Perkins*, 2024 WL 4274884, at *3 (considering a *pro se* complaint and finding that certain "allegations do not appear anywhere in Plaintiff's Amended Complaint, and therefore, they are not appropriate for consideration on a motion to dismiss"). The generic reputational and economic harms the Amended Complaint does recite are attributed to all Defendants collectively, not to any act by Pressley. (Am. Compl. ¶ 21.) The "extreme and outrageous conduct" inquiry turns on the defendant's conduct, not the severity of its consequences.

Comparison is fatal to Plaintiff's claim. Unlike in *Turner* and *Dickens*, the only conduct attributed to Pressley and incorporated into the IIED claim is a single communication to a police officer who came to the Store seeking information and the furnishing of a photograph of a vehicle's license plate that Plaintiff admits was parked at the Store. (Am. Compl. ¶ 68 (incorporating ¶¶ 1-24, of which only ¶¶ 11-13 mention Pressley).) At most, Plaintiff alleges a false accusation of a crime. That is not extreme and outrageous conduct. *See Chidnese*, 210 N.C. App. at 317 (noting cases in which falsely reporting child abuse and causing the district attorney to file a nuisance action, even if it was potentially a malicious prosecution, did not constitute extreme and outrageous conduct); *Barber v. Coastal Horizons Ctr., Inc.*, 2022 WL 22608317, at *3 (E.D.N.C. July 1, 2022) ("North Carolina courts have held that false accusations of criminal conduct do not qualify as extreme and outrageous conduct"); *see also Medic v. Hull Prop. Grp., LLC*, 2026 WL 2477288, at *9 (W.D.N.C. Aug. 24, 2026) (finding officers falsely accusing plaintiff of aggressive and taunting behaviors not extreme and outrageous).

As with favorable termination, Plaintiff also does not meaningfully respond to Pressley's argument that she "cannot plausibly allege that Pressley ***intended*** to cause her emotional distress when she does not allege that Pressley knew her name or had any motive to harm her." Brief at 22-23 (emphasis added) (citing *Piro v. McKeever*, 245 N.C. App. 412, 419 (2016); *Vurimindi v. Link*, 2011 WL 5570216, at *4 (M.D.N.C. Nov. 16, 2011)). Plaintiff recites in the abstract that "reckless indifference to the likelihood" of causing distress suffices (Opp. at 8), but she identifies no fact

suggesting that Pressley, who is not alleged to have known Plaintiff, had any reason to foresee that giving an investigating officer a license plate photograph would cause Plaintiff severe emotional distress. *See Piro*, 245 N.C. App. at 419. Nor does Plaintiff meaningfully address her deficient allegations of causation and severe emotional distress. (*See* Brief at 24.) The Court may treat these arguments as uncontested, *see, e.g.*, *Georgion*, 2023 WL 6053079, at *4, but dismissal is warranted on the merits regardless. Plaintiff alleges no specific facts supporting these elements against Pressley, relying instead on vague, sweeping assertions against all Defendants.

## CONCLUSION

For these reasons and those in Pressley's Brief (Doc. No. 30), Pressley respectfully requests that the Court dismiss the claims against her in the Amended Complaint (Doc. No. 23) and grant such further relief as the Court deems just and appropriate. Dismissal should be with prejudice and without leave to amend because Plaintiff has already amended once to address Pressley's arguments (*see* Doc. Nos. 19, 20), she has not sought leave to amend again, and she cannot allege sufficient facts. *See, e.g.*, *Watkins v. Washington Post*, 2018 WL 805394, at *8 (D. Md. Feb. 9, 2018) ("[C]onsidering [the plaintiff's] failure to state a claim in her amended complaint after having been advised with specificity of the legal deficiencies in her initial complaint, dismissal with prejudice is appropriate.").

This, the 3rd day of November, 2026.

**WAGNER HICKS PLLC**

/s/ *Jonathon D. Townsend*
Jonathon D. Townsend (N.C. State Bar No. 51751)

831 E. Morehead Street, Suite 860
Charlotte, NC 28202
Telephone: (704) 705-7787
jonathon.townsend@wagnerhicks.law

*Counsel for Defendant Olivia Pressley*

## CERTIFICATION OF BRIEF LENGTH

I hereby certify that the foregoing **DEFENDANT OLIVIA PRESSLEY'S REPLY IN SUPPORT OF HER MOTION TO DISMISS AMENDED COMPLAINT** complies with Local Rule 7.1(d), and that this brief does not exceed 25 pages, the font size is a minimum of 12 point, lines are double-spaced, margins are one inch, and each page is numbered.

This, the 3rd day of November, 2026.

**WAGNER HICKS PLLC**

/s/ *Jonathon D. Townsend*
Jonathon D. Townsend

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of filing to all parties receiving electronic service including the following:

Latrisha Chantel Cherry-Lassiter
CCL LAW OFFICE, PLLC
1851 W. Ehringhaus St. #126
Elizabeth City, NC 27909
chantelcherrylassiter@ccllaw.org
*Counsel for Plaintiff*

Scott Douglas MacLatchie
HALL BOOTH SMITH, P.C.
11215 North Community House Rd
Suite 750, Charlotte, NC 28277
smaclatchie@hallboothsmith.com
David Benjamin Goldberg
OFFICE OF THE COUNTY ATTORNEY
PO Box 1578, Gastonia, NC 28052
david.goldberg@gastongov.com
*Attorneys for William Sampson*

Mark Andrew Nebrig
Gabrielle Rife
Jacqueline Y. Ferrell
Rashaad Bryon Hamilton
MOORE & VAN ALLEN
100 North Tryon St, Ste 4700
Charlotte, NC 28202
marknebrig@mvalaw.com
gabriellerife@mvalaw.com
jacquelineferrell@mvalaw.com
rashaadhamilton@mvalaw.com
*Counsel for Defendant Advance Stores Company, Inc.*

This, the 3rd day of November, 2026.

**WAGNER HICKS PLLC**

/s/ *Jonathon D. Townsend*
Jonathon D. Townsend